KALAMAZOO OIL COMPANY v BOERMAN

Docket No. 213943. Submitted February 10, 2000, at Grand Rapids. Decided July 28, 2000, at 9:05 A.M.

Kalamazoo Oil Company brought an action in the Kalamazoo Circuit Court against John Boerman and others, alleging, among other things, negligence by Boerman. The court, J. Richardson Johnson, J., entered a default against Boerman as a discovery sanction and denied motions by Boerman to set aside the default and for rehearing. The matter proceeded to a jury trial with regard to the question of damages, at which trial the court refused to allow Boerman to present evidence of purported comparative negligence by the plaintiff. The jury returned a verdict and award of damages for the plaintiff. Boerman appealed.

The Court of Appeals *held*:

1. Where a default is entered against a defendant in a negligence action as a sanction for the defendant's discovery abuses, and the matter proceeds to a trial limited to the question of damages, the trial court, upon considering the severity of the discovery abuses and the need for further sanctions, may, at its discretion, allow or prohibit the defendant from introducing at the trial evidence of comparative negligence. In this case, the trial court did not err in prohibiting purported evidence of comparative negligence by the plaintiff, given that Boerman's total unwillingness to participate in discovery would have placed the plaintiff at a disadvantage in terms of responding to claims of comparative negligence.

2. The trial court did not abuse its discretion by entering the default or by refusing to set aside the default. The defendant's deliberate noncompliance with court rules and a discovery order, in addition to what the trial court viewed as an attempt to mislead the court and disrupt the progression of the lawsuit, merited a default.

3. The trial court did not abuse its discretion by prohibiting Boerman and his proffered expert witness from testifying at the trial. Boerman failed to file a witness list and failed to show good cause for allowing him and his witness to testify, given Boerman's refusal to be deposed and the absence of an opportunity by the plaintiff to conduct discovery regarding the expert witness.

4. The prohibition of testimony by Boerman and his expert witness at the trial did not deprive Boerman of the ability to challenge the plaintiff's claim of damages. Boerman cross-examined the plaintiffs' witnesses with regard to mitigation of damages, and the trial court correctly instructed the jury with regard to the plaintiff's duty to mitigate damages.

Affirmed.

1. NEGLIGENCE — DEFENSES — COMPARATIVE NEGLIGENCE — DEFAULT — DISCOVERY ABUSES.

A default may be entered against a defendant in a negligence action as a sanction for the defendant's discovery abuses; where such a default is entered and the matter proceeds to a trial limited to the question of damages, the trial court, upon considering the severity of the discovery abuses and the need for further sanctions, may, at its discretion, allow or prohibit at the trial the defendant's introduction of evidence of comparative negligence.

2. PRETRIAL PROCEDURE — DISCOVERY — DEFAULT JUDGMENTS.

The sanction of default judgment should be employed only when there has been a flagrant and wanton refusal to facilitate discovery, and not when failure to comply with a discovery request is accidental or involuntary.

3. WITNESSES — UNDISCLOSED WITNESSES — EXCLUSION — APPEAL.

A trial court's decision to exclude from the trial witnesses who were not disclosed on the witness list is reviewed on appeal for abuse of discretion.

*George T. Schumacher* and *Gemrich, Moser, Bowser, Murphy & Graham LLP* (by *William K. Murphy*), for the plaintiff

*Russell A. DeMott*, for the defendant.

Before: ZAHRA, P.J., and WHITE and HOEKSTRA, JJ.

HOEKSTRA, J. John Boerman (hereafter defendant) appeals as of right from an order entered by the trial court based on a jury's finding that he owed damages to plaintiff.[1] Before the jury trial, the trial court, as a

---

[1] On August 11, 1998, the trial court entered an order dismissing with prejudice both the complaint against Edward Higuera, a professional engi-

discovery sanction, entered a default against defendant with respect to liability. On appeal, defendant claims that the trial court erred in denying him the opportunity to present to the jury evidence of plaintiff's alleged comparative negligence, in entering the default as a discovery sanction, and in prohibiting him from testifying and from calling other witnesses during the jury trial. We affirm.

I

In a complaint alleging negligence, breach of contract, and violation of Michigan's Environmental Protection Act (MEPA), MCL 691.1201 *et seq.*; MSA 14.528(201) *et seq.*,[2] plaintiff claimed that it suffered damages as a result of defendant's negligent removal of underground storage tanks from plaintiff's premises. Specifically, plaintiff claimed that defendant, an environmental excavator, failed to remove or properly cap a fuel-oil pipe attached to an active petroleum loading dock, and thus fuel oil flowed through the pipe and into the soil and groundwater, causing environmental damage. Initially, a default was entered against defendant for failure to answer, but the trial court set aside the default pursuant to the parties' stipulation. Later, the trial court entered a default against defendant because he refused to comply with discovery pursuant to the Michigan Court Rules and he failed to comply with court orders by refusing to

---

neer employed by Task Management, Inc., and Higuera's countercomplaint against plaintiff. These defendants are not involved in the instant appeal.

[2] This statute has since been repealed, effective March 30, 1995, and the subject matter can now be found at MCL 324.1701 *et seq.*; MSA 13A.1701 *et seq.* See *Cipri v Bellingham Frozen Foods, Inc*, 235 Mich App 1, 4, n 2; 596 NW2d 620 (1999).

submit to deposition. Specifically, defendant failed to appear for a deposition that the court, in response to plaintiff's motion for an order compelling discovery, ordered that he attend and that defendant told the court that he would appear for if scheduled. The trial court denied defendant's motion to set aside or vacate the entry of default and his motion for rehearing. Thereafter, a jury trial proceeded with regard to damages; however, the trial court did not allow defendant to present evidence of plaintiff's comparative negligence. The jury returned a verdict in plaintiff's favor in an amount exceeding $337,000, plus interest and costs.

II

Defendant presents on appeal an issue of first impression in Michigan. Defendant argues that the trial court erred in prohibiting him from introducing at trial evidence of plaintiff's comparative negligence so that the jury could apportion the damages that defendant may owe in relation to his degree of fault.

The admission of evidence is within the trial court's sound discretion, and we will not disturb those decisions absent an abuse of discretion. *People v Lukity,* 460 Mich 484, 488; 596 NW2d 607 (1999); *Hottmann v Hottmann,* 226 Mich App 171, 177; 572 NW2d 259 (1997). However, decisions regarding the admission of evidence often involve preliminary questions of law, which we review de novo. *Lukity, supra* at 488.

III

Before reaching the issue presented, we note the legal context that gives rise to the question. In Michi-

gan, it is an established principle that "a default settles the question of liability as to well-pleaded allegations and precludes the defaulting party from litigating that issue." *Wood v DAIIE*, 413 Mich 573, 578; 321 NW2d 653 (1982); see also *American Central Corp v Stevens Van Lines, Inc*, 103 Mich App 507, 512; 303 NW2d 234 (1981) ("Entry of a default is equivalent to an admission by the defaulting party as to all well-pleaded allegations."). In other words, where a trial court has entered a default judgment against a defendant, the defendant's liability is admitted and the defendant is estopped from litigating issues of liability. However, a default judgment is not an admission regarding damages. See *Midwest Mental Health Clinic, PC v Blue Cross & Blue Shield of Michigan*, 119 Mich App 671, 675; 326 NW2d 599 (1982) ("While the question of a defendant's liability is cemented by a default, a defendant has a right to participate where further proceedings are necessary to determine the amount of damages.").

Here, the trial court entered a default against defendant as a sanction for discovery abuses because defendant had failed to comply with discovery pursuant to the Michigan Court Rules and with court orders requiring him to submit to deposition. Thus, the entry of the default resolved the issue of defendant's liability, but the issue of damages remained and the trial court properly proceeded with a jury trial to determine what, if any, damages plaintiff was entitled to as compensation.

At the trial on damages, defendant sought to present to the jury evidence to establish that plaintiff was comparatively negligent and, thus, that defendant's damages ought to be reduced. Comparative negli-

gence is an affirmative defense. *Riddle v McLouth Steel Products Corp*, 440 Mich 85, 98; 485 NW2d 676 (1992). In *Placek v Sterling Heights*, 405 Mich 638; 275 NW2d 511 (1979), our Supreme Court adopted a pure form of comparative negligence, under which a plaintiff's recovery of damages is reduced to the extent that plaintiff's negligence contributed to the injury. *Pontiac School Dist v Miller, Canfield, Paddock & Stone*, 221 Mich App 602, 623; 563 NW2d 693 (1997); *Vining v Detroit*, 162 Mich App 720, 722-723; 413 NW2d 486 (1987). Our Supreme Court stated that the pure form of comparative negligence "most nearly accomplishes the goal of a fair system of apportionment of damages." *Placek, supra* at 660. If the trier of fact finds comparative negligence, then damages are apportioned in conjunction with the extent of liability. *Jennings v Southwood*, 446 Mich 125, 131; 521 NW2d 230 (1994); *Placek, supra*; see *Hickey v Zezulka (On Resubmission)*, 439 Mich 408, 443; 487 NW2d 106 (1992) (opinion by BRICKLEY, J.), amended 440 Mich 1203 (1992).

Here, the trial court precluded defendant from presenting evidence of plaintiff's alleged comparative negligence. The trial court, citing *Thomas v Duquesne Light Co*, 376 Pa Super 1; 545 A2d 289 (1988), ruled that allowing comparative negligence to be raised would, in effect, result in relitigation of liability, requiring the jury to determine the negligence of each party, which the default has already decided, and thus rendering the default meaningless. Defendant argues on appeal that the trial court's decision is error requiring reversal. In this circumstance, where entry of default establishes liability, a question arises with

respect to the availability and the role of comparative negligence in the damages phase of the proceedings.

IV

Comparative negligence encompasses aspects of both liability and damages. See *Jennings, supra* (explaining that under the doctrine of pure comparative negligence "a plaintiff's negligence does not bar the plaintiff's recovery; instead, it reduces the amount of the plaintiff's recovery, allocating liability in proportion to fault"). Consequently, we begin by recognizing that we are faced with the difficult task of balancing the liability aspect of comparative negligence and the damages aspect of comparative negligence. Because comparative negligence embraces attributes of both liability and damages, assigning its proper role in a trial addressing only damages is a task for which there is no obvious or ready answer.

Indeed, other jurisdictions are divided in their analysis of the availability and role of comparative negligence when a default is entered against a party. For example, some jurisdictions allow evidence of comparative negligence during the damages phase of the proceedings. In *Burge v Mid-Continent Casualty Co*, 123 NM 1, 8; 933 P2d 210 (1996), the New Mexico Supreme Court confronted the issue "whether comparative negligence of another party or non-party is a question of liability admitted by a default or a question of damages subject to a hearing on damages after the default."[3] Reasoning that comparative negligence in that state requires negligence to be determined

---

[3] In *Burge, supra,* the default was entered on the basis of failure to answer.

proportionately and that a tortfeasor be held liable for damages only to the extent of his percentage of negligence, the *Burge* court held "that a defaulting party admits only to the liability aspect of the complaint, thus reserving for the damages hearing a determination of damages in accordance with the application of comparative negligence and apportionment of damages . . . ." *Id.*; see also *Jordan v Elex, Inc*, 82 Ohio App 3d 222, 227; 611 NE2d 852 (1992) (where the defendant failed to answer the complaint or otherwise defend, the trial court entered a default judgment, but allowed the defendant to assert the defenses of comparative negligence, failure to mitigate, proximate causation, and related issues).

In *Olsten Staffing Services, Inc v D A Stinger Services, Inc*, 921 P2d 596, 601 (Wy, 1996), the Wyoming Supreme Court explained that "[i]f the entry of default is upheld, that does not abrogate their rights to participate in the proceedings with respect to issues of proximate cause and damage pursuant to our comparative negligence rules." Likewise, in *McGarvin-Moberly Const Co v Welden*, 897 P2d 1310 (Wy, 1995), the Wyoming Supreme Court held that the defendant against whom a default was entered for failure to file a timely answer could appear and defend with respect to the question of damages because,

> by our comparative negligence statute, the question of fault is inextricably intertwined with the amount of damages that may be awarded against any defendant, we perceive the trial court's initial ruling that McGarvin-Moberly [the defendant] could "participate fully in the discovery process

and on issues concerning proximate cause and damages
. . ." was the correct ruling. [*Id.* at 1317.][4]

Other jurisdictions preclude the defaulting defend-
ant from presenting evidence of comparative negli-
gence. The trial court in the present case used the
same reasoning the *Thomas* court used in concluding
that the default judgment against a defendant was
conclusive of his liability to the plaintiffs. *Thomas,
supra* at 13. Because the defendant's liability had
been determined by the default, the issues were lim-
ited to the amount of the plaintiffs' damages. *Id.* The
*Thomas* court reasoned: .

> Defenses which go to the right of recovery are not availa-
> ble to a defaulting defendant. The doctrine of comparative
> negligence, even though it goes in part to the assessment of
> damages, is primarily a substantive defense going to a plain-
> tiffs' [sic] right to recover and, therefore, is not available as
> a defense to a defendant against whom a default judgment
> has been entered. Any other result would weaken the effi-

---

[4] How jurisdictions handle the potential amount of comparative negli-
gence differs. For example, in *Greater Houston Transportation Co v Wil-
son*, 725 SW2d 427, 430 (Tex App, 1987), where a default judgment on lia-
bility was entered against Hughes [one of the defendants] as a sanction
for failing to appear for depositions, the Texas Court of Appeals explained
that "the effect of the default judgment against Hughes was that it pre-
cluded the jury from finding that Wilson [a defendant and plaintiff in con-
solidated actions] was 100 percent negligent and Hughes not negligent."
However, in contrast, in *Schaub v Wilson*, 969 P2d 552 (Wy, 1998), the
Wyoming Supreme Court noted that under a statutory provision a defend-
ant "is liable only for the proportion of the total dollar amount determined
as damages in the percentage of the amount of fault attributed to him,"
and explained:

> We do not understand that statute to assume that damages can
> exist in a vacuum, but the damages the trial court is charged with
> determining must have been incurred in the event as to which
> recovery is sought. Even though Wilson [the defaulting defendant]
> is charged with one hundred percent of the fault, if no damages
> were caused by Wilson's fault, no recovery can be had. [*Id.* at 559.]

> cacy of default judgments. With respect to the plaintiffs'
> recovery against [the defendant], therefore, there could be
> no reduction because of the minor plaintiff's negligence.
> The trial court erred when it instructed the jury otherwise.
> [*Id.* at 13-14 (citations omitted).]

Stated another way, the *Thomas* court concluded that although comparative negligence relates to damages, it is a substantive defense that a defaulting defendant cannot utilize. We note that in reaching this conclusion, the *Thomas* court cited *Passino v Cascade Steel Fabricators, Inc,* 105 NM 457; 734 P2d 235 (1986), which *Burge, supra,* overruled. As summarized by the *Burge* court, "the [*Passino*] [c]ourt held that the defaulting party waived its rights to the application of comparative negligence, concluding that the defendant cannot 'avoid the consequences of its default by litigating its culpability in the damages hearing.'" *Burge, supra* at 8, quoting *Passino, supra* at 458. The Georgia Court of Appeals has come to a similar conclusion:

> Georgia law is clear that, once liability has been established, evidence which is proffered for the purpose of establishing the appropriate amount of damages, but which at the same time tends to suggest comparative or contributory negligence on the part of the plaintiff, is inadmissible .... Indeed, in *Southwest Community Hospital v Thompson,* [165 Ga App 442, 443; 301 SE2d 501 (1983)] . . . , this court held: "Due to its default, defendant is in a position of having admitted each and every material allegation of the plaintiff's complaint except as to the amount of damages suffered by plaintiffs [citations omitted]. The element of proximate cause, as well as negligence, having been alleged in plaintiff's complaint is admitted due to the default of defendant and requires no further proof." [*Fulton Co Hosp Authority v Hyman,* 189 Ga App 613, 615; 376 SE2d 689 (1988).]

See also *Whitby v Maloy*, 150 Ga App 575, 576; 258 SE2d 181 (1979) ("Defenses which go to the right of recovery are not available to the defendant in default even though the same defense may also go to the assessment of damages. . . . The doctrine of comparative negligence goes to the right of recovery as well as to the amount of damages.").

Yet another jurisdiction has resolved the comparative negligence dilemma by leaving the decision of the use of comparative negligence during a trial on damages in the trial court's discretion. In *Harless v Kuhn*, 403 So 2d 423 (Fla, 1981), the Florida Supreme Court determined that it is within the trial court's discretion whether to allow a defaulting defendant to introduce evidence of comparative negligence. In *Harless*, the court addressed the question whether "the entry of a default against a defendant for violation of discovery orders in a negligence action preclude[s] that defendant from reducing the amount of his liability by proof of the plaintiff's comparative negligence." *Id.* at 424. In response to this question, the *Harless* court stated that "the answer lies in the sound judicial discretion of the trial judge imposing the sanction as evidenced by his orders and how he interpreted and acted upon those orders as shown by his own actions and rulings." *Id.* In *Harless*, the trial court allowed the defaulting defendant to present evidence of comparative negligence because the evidence concerned damages. *Id.* Noting that the punishment should fit the fault where a party fails to furnish discovery properly, the *Harless* court stated:

> While the trial judge could have taken the action sought by Kuhn in this cause [exclusion of the issue of comparative negligence], he chose instead to impose a less stringent

sanction. It was his judgment as to what punishment should be imposed for the discovery failure. In the absence of an abuse of discretion the sanctions imposed by the trial judge should stand. [*Id.* at 425.]

V

With these analyses from other jurisdictions in mind, we turn to Michigan law and our state policies regarding defaults and discovery sanctions. The Michigan Supreme Court has recently noted that "although the law favors the determination of claims on the merits, it also has been said that the policy of this state is generally against setting aside defaults and default judgments that have been properly entered." *Alken-Ziegler, Inc v Waterbury Headers Corp,* 461 Mich 219, 229; 600 NW2d 638 (1999) (citations omitted). With regard to discovery sanctions, this Court has explained:

The Michigan Court Rules at MCR 2.313(B)(2)(c) explicitly authorize a trial court to enter an order dismissing a proceeding or rendering a judgment by default against a party who fails to obey an order to provide discovery. *Thorne v Bell,* 206 Mich App 625, 632; 522 NW2d 711 (1994). The trial court should carefully consider the circumstances of the case to determine whether a drastic sanction such as dismissing a claim is appropriate. *Richardson v Ryder Truck Rental, Inc,* 213 Mich App 447, 451; 540 NW2d 696 (1995). Severe sanctions are generally appropriate only when a party flagrantly and wantonly refuses to facilitate discovery, not when the failure to comply with a discovery request is accidental or involuntary. *Traxler [v Ford Motor Co,* 227 Mich App 276, 286; 576 NW2d 398 (1998).] The record should reflect that the trial court gave careful consideration to the factors involved and considered all its options in determining what sanction was just and proper in the context of the case before it. *Dean v Tucker,* 182

Mich App 27, 32; 451 NW2d 571 (1990). [*Bass v Combs*, 238
Mich App 16, 26; 604 NW2d 727 (1999).]

We note that a default may be granted either for the failure to plead or answer or as a sanction for improper conduct such as discovery abuses. These two circumstances under which a default may be entered are fundamentally different. Failing to plead or answer bespeaks an implied concession that the party is liable, or perhaps an indifference to the outcome of the litigation. In contrast, a default entered as a sanction is a means to penalize a party for failure to comply with the trial court's directives and, as noted above, should be entered only in the most egregious circumstances. Because the circumstances under which a default may be entered are so fundamentally different, we believe that the answer to the question at issue here may be different for policy reasons, depending on which circumstance is presented. Here, we limit our decision to only those instances where default is utilized as a sanction for discovery abuses.

As in the present case, where entry of default is based on discovery abuses and the case proceeds to a trial on damages only, we believe that the decisive factor in the decision whether to admit evidence of comparative negligence is the extent of the sanction necessary, as decided by the sanctioning court. The sanctioning court is in a position to determine what sanction would be appropriate for curbing the sanctioned behavior, restoring order to the proceeding, and chastising the abuser for the improper conduct. In other words, because discovery sanctions are to be proportionate and just, it would be imprudent to attempt to delineate a bright-line rule. Rather, we

believe that where a default has been entered against a defendant as a sanction for discovery abuses, it should be within the trial court's discretion either to allow or to prohibit the defendant from introducing evidence of a party's comparative negligence at the trial on damages. Namely, the entry of default against a defendant for discovery abuses does not necessarily preclude that defendant from reducing liability by proving the plaintiff's comparative negligence, but rather the decision whether to allow the defendant to proceed in the trial on damages under a theory of comparative negligence is within the trial court's discretion. Thus, the trial court, who is in the best position to know the severity of the discovery abuses, may conform the default sanction to the severity of the discovery abuses when the trial on damages takes place. However, because default is a severe sanction, it is imperative that the trial court balance the factors and explain its reasons for imposing such a grave sanction in order to allow for meaningful appellate review. See *Thorne v Bell*, 206 Mich App 625, 632-633; 522 NW2d 711 (1994); see also *Bass, supra.*

In the present case, the trial court concluded that defendant was not entitled to present evidence of comparative negligence at the trial on the damages, without recognizing that it had discretion to allow evidence of comparative negligence. However, it is apparent from the record that if the trial court was aware of its discretion in this matter, it would not have reached a different result. Defendant's conduct during these proceedings evidenced a disdain for the authority of the court and an expressed unwillingness to cooperate or participate with the trial court and

the opposing party to prepare the case for resolution.[5] On the basis of these circumstances, we have no doubt that the default sanction imposed here appropriately would include preclusion from presenting evidence of comparative negligence because, given defendant's total unwillingness to participate in discovery, plaintiff would be utterly disadvantaged when preparing to respond to claims of comparative negligence. Accordingly, we find no basis for reversing the jury verdict.

VI

Further, we find defendant's additional arguments on appeal without merit. Defendant argues that the trial court erred in entering a default against him as a discovery sanction and by failing to set aside the default pursuant to defendant's motions. We review a trial court's decision to grant a default judgment for discovery abuses for an abuse of discretion. *Frankenmuth Mut Ins Co v ACO, Inc*, 193 Mich App 389, 396-397; 484 NW2d 718 (1992). The record reveals defendant's deliberate noncompliance with court rules and a discovery order in addition to what the trial court evidently viewed as an attempt to mislead the court and disrupt the progression of the lawsuit. The trial court recognized that such manipulation of the legal process is deserving of severe sanction. See *Mink v Mas-*

---

[5] Defendant claims that he failed to appear for the scheduled deposition because he did not receive notice. While defendant's assertion may be true, the record discloses that any lack of notice resulted from defendant's own fault. The record reveals that defendant insisted before the trial court that he did not have to appear for the scheduled deposition and that defendant provided an address for notice by first-class mail, but that defendant failed to clarify that there was no mail receptacle at the given address, thus rendering delivery by first-class mail impossible.

*ters*, 204 Mich App 242, 244; 514 NW2d 235 (1994) ("The sanction of default judgment should be employed only when there has been a flagrant and wanton refusal to facilitate discovery and not when failure to comply with a discovery request is accidental or involuntary."). Further, there is no indication that incremental sanctions would not have resulted in default. Under these circumstances, we find no abuse of discretion. See *Alken-Ziegler, supra.*

Next, defendant argues that the trial court erred in prohibiting defendant from testifying himself and from calling other witnesses. We disagree. We review a trial court's decision to exclude undisclosed witnesses for an abuse of discretion. *Grubor Enterprises, Inc v Kortidis*, 201 Mich App 625, 628-629; 506 NW2d 614 (1993); *Jernigan v General Motors Corp*, 180 Mich App 575, 584; 447 NW2d 822 (1989).

In the present case, defendant failed to file a witness list, as required under the court's scheduling order, and it was not until the morning of trial that defendant disclosed that he wanted to testify and wanted to call an expert witness to testify regarding damages. The trial court explained that although defendant was known to plaintiff, thus preventing the element of surprise, see *Grubor Enterprises, supra* at 628, quoting *Stepp v Dep't of Natural Resources*, 157 Mich App 774, 779; 404 NW2d 665 (1987) ("The purpose of witness lists is to avoid 'trial by surprise.' "), it would not allow a disobedient defendant to testify where the defendant has repeatedly refused to have his deposition taken. Further, the trial court noted that plaintiff had no chance to conduct any discovery of the expert and that it would be unfair to require plaintiff to prepare on such short notice. Thus, the

trial court concluded that defendant failed to show good cause to allow defendant and his expert to testify. We agree with the trial court's reasoning and therefore find no abuse of discretion.

Defendant appears to further argue on appeal that precluding a defaulting party from testifying or from calling witnesses regarding the issue of damages impermissibly denies to a great extent the defaulting party's right to participate in the proceeding because that party has no meaningful way to attack the plaintiff's damage claim. We disagree. Here, defendant had the opportunity to be heard by cross-examining the witnesses that plaintiff called at trial. Specifically, defendant cross-examined plaintiff's witnesses to support defendant's argument that plaintiff's damages might have been lessened had plaintiff acted reasonably. Further, the trial court's decision to prohibit defendant from calling witnesses at trial did not prevent the jury from hearing defendant's theory that plaintiff failed to mitigate its damages. The trial court correctly instructed the jury regarding plaintiff's duty to mitigate damages, and the jury was able to determine if plaintiff's damages should be reduced. See *King v Taylor Chrysler-Plymouth, Inc*, 184 Mich App 204, 213-214; 457 NW2d 42 (1990).

Affirmed.