*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NOELLE MILTON,

      Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant-Appellee.

UNPUBLISHED
March 19, 2019

No. 343381
Washtenaw Circuit Court
LC No. 16-000103-NF

Before: SAWYER, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Plaintiff appeals as of right an order dismissing with prejudice her no-fault insurance case against defendant, State Farm Mutual Automobile Insurance Company. After plaintiff and plaintiff's counsel failed to appear at a mandatory settlement conference, the trial court held that this missed appearance, coupled with plaintiff counsel's failure to attend case evaluation and certain depositions of key witnesses, warranted dismissal. Plaintiff seeks reinstatement, arguing that the trial court erred by failing to consider whether a lesser sanction than outright dismissal was in the interest of justice. We reverse and remand for proceedings consistent with this opinion.

On February 6, 2016, plaintiff filed this action against State Farm, alleging that State Farm breached its contract by refusing to pay personal injury protection (PIP) benefits under her automobile insurance policy after she sustained injuries in a car accident. Plaintiff also sought declaratory relief concerning the applicability of Michigan's no-fault insurance act, MCL 500.3101 *et seq.*, and a legal determination of any coverage or policy dispute between plaintiff and State Farm.

Eventually, the trial court issued a scheduling order setting January 25, 2018, at 4:00 p.m., as the date and time for a mandatory settlement conference by agreement of the parties. The scheduling order further ordered:

> Settlement Conference: The attorney conducting the trial shall be present.
> The parties must be physically present in the courthouse at the time set for the

conference. This means that individual parties and claims adjusters must be personally present and corporate or other organizational parties must be represented by a person or persons with full authority to settle the dispute.

On November 6, 2017, State Farm filed a motion to adjourn the scheduling order, seeking a 60-day adjournment of the previously scheduled case evaluation, settlement conference, and jury trial. State Farm explained, in part, that Dr. Vincent Rampersaud, one of plaintiff's treating physicians, canceled his July 11, 2017 deposition and a new date for the deposition was not scheduled. Plaintiff's counsel concurred in this adjournment request. On December 1, 2017, the trial court granted the adjournment and entered an order rescheduling the mandatory settlement conference for March 29, 2018, at 2:00 p.m.

On March 29, 2018, the day of the scheduled settlement conference, State Farm filed a motion seeking dismissal or, alternatively, sanctions and costs, arguing that plaintiff's counsel failed to attend certain depositions and the case evaluation. The notice of hearing for the motion indicated a hearing date of April 11, 2018.

However, when plaintiff's counsel failed to appear at the 2:00 p.m. settlement conference, State Farm's counsel took this opportunity to argue the merits of her motion to dismiss filed earlier that same day. State Farm's counsel suggested that plaintiff's counsel's absence was more evidence of a pattern of obstructive conduct throughout the history of the case. The trial court inquired whether anyone called plaintiff's counsel. State Farm's counsel responded that she had not and offered to "attempt to do so now," although it appears from the record that no one actually called plaintiff's counsel. The trial court accepted State Farm's counsel's description of the history of this case "as though it were under oath" and granted the motion to dismiss.

The next day, March 30, 2018, plaintiff's counsel filed an emergency motion to reinstate the case, arguing that "the attorney of record and Plaintiff appeared at 4:00 p.m. per notice, and that which was recorded on our office calendar." It stated that counsel "was informed that the case was dismissed as the settlement conference was scheduled for 2:00 p.m." and that neither State Farm's counsel nor the court called the office of plaintiff's counsel to inquire why he was not present with his client. Plaintiff's counsel stated that, but for a scheduling mistake, he and his client were ready to appear. Plaintiff's counsel also argued that no prior court orders were violated and that "dismissal is a harsh remedy when less harsh remedies are allowed."

On April 11, 2018, the trial court heard argument on plaintiff's emergency motion to reinstate. Plaintiff's counsel admitted that there was an obvious clerical mistake in his office and asked the trial court to set aside the dismissal because of this inadvertent error. In response, State Farm's counsel proceeded to chronologically detail all of what she contended amounted to serious discovery and pre-trial abuses as set forth in her previous motion. State Farm's counsel noted that plaintiff failed to appear for case evaluation. She also explained how when the parties appeared for facilitation, plaintiff's counsel did not participate in good faith and instead presented a demand much higher than the month prior, without any explanation for the change. Counsel also proceeded to describe plaintiff counsel's conduct with respect to State Farm's attempt to depose Dr. Rampersaud, one of plaintiff's treating physicians, and how plaintiff's counsel repeatedly canceled or failed to show on at least three occasions despite choosing the

date and time for the deposition. State Farm's counsel also described how plaintiff's counsel failed to show at a deposition of a different doctor and further noted that plaintiff's motion to reinstate suggested there was a notice that scheduled the settlement conference for 4:00 p.m., but no such notice was attached as an exhibit. She argued that this "litany of neglect of calendaring and scheduling" taken together, wasted the time, resources, and money of counsel, her client, and the court, which constituted proper grounds for dismissal.

In its ruling, the trial court stated that it was considering plaintiff's motion to reinstate in conjunction with State Farm's motion to dismiss, or alternatively, for sanctions and costs. The trial court explicitly stated that it did not reach the issue whether plaintiff's counsel was required to appear at case evaluation and it did not think that plaintiff counsel's failure to appear at the settlement conference, alone, was a sufficient ground to dismiss the case. However, plaintiff's counsel's failure to appear at the case evaluation without advising anyone that he would not appear flaunted the goals of the trial court in managing cases. Likewise, plaintiff's counsel's repeated failure to appear at the deposition of Dr. Rampersaud—which had been scheduled numerous times with plaintiff's counsel's cooperation—without advising anyone that he was not going to appear, flaunted the court's goal of managing cases, wasted the time of everyone involved, and did not constitute "excusable neglect when it is viewed cumulatively with other failures." Therefore, the trial court held, dismissal was warranted and plaintiff's motion to reinstate was denied.

On appeal, plaintiff argues that the trial court abused its discretion in dismissing this case without considering lesser sanctions, such as costs to opposing counsel. We tend to agree that the trial court should have, at least, considered other options on the record.

We review the trial court's decision to dismiss this action for an abuse of discretion, which occurs when its decision is outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). Our Supreme Court has recognized that "trial courts possess the inherent authority to sanction litigants and their counsel, including the power to dismiss an action." *Id*. at 389. The court rules also explicitly confer this authority. *Id*. at 391. However, while dismissal is a reasonable outcome under some circumstances, "[o]ur legal system favors disposition of litigation on the merits." *Vicencio v Ramirez*, 211 Mich App 501, 507; 536 NW2d 280 (1995). Accordingly, we have stated that "[d]ismissal is a drastic step that should be taken cautiously." *Id*. at 506. "Before imposing dismissal as a sanction, the trial court must carefully evaluate all available options on the record and conclude that dismissal is just and proper." *VandenBerg v VandenBerg*, 231 Mich App 497, 502; 586 NW2d 570 (1998); *Vicencio*, 211 Mich App at 506. In making this evaluation, relevant factors the trial court should consider include but are not limited to

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id*. at 507.]

"The record should reflect that the trial court gave careful consideration to the factors involved and considered all its options in determining what sanction was just and proper in the context of the case before it." *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 86-87; 618 NW2d 66 (2000) (citation omitted).

In this case, the trial court abused its discretion by failing to evaluate all available options in crafting an appropriate sanction, carefully considering as a matter of record whether its chosen sanction was just and proper in light of the specific circumstances of the case. See *Kalamazoo Oil Co*, 242 Mich App at 86; *Vicencio*, 211 Mich App at 506-507. Our review reveals that the trial court did not carefully evaluate several relevant *Vicencio* factors or adequately explain why the conduct attributed to plaintiff's counsel warranted dismissal of plaintiff's case with prejudice when lesser sanctions were available. See *Vicencio*, 211 Mich App at 507.

Initially, the trial court did not address whether plaintiff had a history of failing to comply with court orders. The record does not support State Farm's contention that the trial court ordered plaintiff's counsel to attend the case evaluation. In fact, the trial court expressly declined to reach this issue. Although the scheduling order required both plaintiff and plaintiff's counsel to attend the settlement conference, the trial court explicitly stated that it did not consider tardiness a basis for dismissal. Although plaintiff counsel's apparent failures in accurately maintaining his calendar and informing opposing counsel when he did not plan to appear as expected at the case evaluation or certain depositions was unprofessional, these are failures of common courtesy and professionalism. They do not amount to a violation of a court order.

Nor do we discern any significant prejudice to State Farm's case incurred as a result of plaintiff's counsel's actions. Notably, the trial court did not address why it believed that monetary sanctions would not adequately serve the interest of justice by remunerating State Farm for any wasted costs and expenses. In fact, the record suggests that the trial court did not consider the appropriateness of any lesser sanction.

This is not to condone plaintiff counsel's actions throughout this litigation. The carelessness and unprofessionalism attributed to plaintiff's counsel, if true, might very well deserve some form of severe sanction. We do not rule out the possibility that plaintiff counsel's conduct warrants outright dismissal. However, because the trial court did not evaluate the various factors set forth in *Vicencio* or consider all of its options before taking the drastic step of dismissal, we reverse the trial court's decision to dismiss this case with prejudice and remand for further proceedings consistent with this opinion. On remand, the trial court must carefully consider and apply the *Vicencio* factors, explaining its determination on the record.[1]

---

[1] State Farm also argues that a recent defense verdict against plaintiff in a separate litigation concerning the same automobile accident works a defensive collateral estoppel and precludes plaintiff from continuing to litigate this case. Because the trial court did not have the opportunity to address this argument, we decline to consider it at this time.

Reversed and remanded for proceedings consistent with this opinion.  We do not retain jurisdiction.


/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly