*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CORTNEY COLLINS, as Personal Representative of the ESTATE OF LISA COLLINS,

        Plaintiff-Appellant,

v

ALLSTATE INSURANCE COMPANY,

        Defendant-Appellee,

and

JOHN DOE,

        Defendant.

UNPUBLISHED
September 29, 2022

No. 358264
Wayne Circuit Court
LC No. 20-011111-NF

Before: CAVANAGH, P.J., and GARRETT and YATES, JJ.

PER CURIAM.

Plaintiff Cortney Collins, in his capacity as personal representative of the estate of decedent Lisa Collins, sued defendant, Allstate Insurance Company, alleging breach of contract for refusing to pay benefits under the Michigan no-fault act, MCL 500.3101 *et seq*. After Collins repeatedly violated trial court orders compelling the production of letters of authority for Collins to act on behalf of the estate, the trial court dismissed the case with prejudice. However, the trial court did not provide reasoning to support its order of dismissal. Accordingly, we vacate the trial court's order and remand for further consideration of the appropriate sanction for violating the court's orders.

## I. BACKGROUND

This case arises out of an automobile accident that occurred in December 2018 involving decedent and defendant John Doe.[1] Decedent died in July 2019 for reasons unrelated to the accident. Collins filed suit against Allstate on August 27, 2020, seeking insurance benefits under the no-fault act for expenses stemming from decedent's injuries. Between December 2020 and February 2021, Allstate requested and followed up on the status of letters of authority from Collins several times. After receiving no response, Allstate moved the trial court to compel letters of authority from Collins on March 2, 2021, arguing that Collins's failure to provide letters of authority prejudiced Allstate by hampering its ability to obtain discovery. The trial court granted the motion to compel and entered an order requiring Collins to provide letters of authority within 14 days.

Collins did not comply with the motion to compel, and at the end of April 2021, Allstate moved the trial court to dismiss Collins's case under MCR 2.313 for failure to comply with the trial court's order to provide letters of authority. The trial court denied Allstate's motion to dismiss without explanation a few weeks later. Allstate moved to compel letters of authority for a second time in June 2021. The trial court granted Allstate's motion on July 9, 2021, stating that Collins had 14 days to provide letters of authority "or case dismissed." On July 26, 2021, after Collins still failed to provide letters of authority, Allstate filed a proposed order dismissing Collins's case. Collins filed an objection, arguing that the trial court should not dismiss his case because he was working to produce the letters of authority and because Allstate was not prejudiced while discovery remained open. One week later, the trial court entered an order dismissing Collins's case with prejudice for failure to provide the requested letters of authority. This appeal followed by delayed leave granted.[2]

## II. ANALYSIS

Collins argues that the trial court erred by dismissing his case for failure to produce letters of authority without providing reasoning or evaluating lesser sanctions.

We review the trial court's decision to impose discovery sanctions for an abuse of discretion. *KBD & Assoc, Inc v Great Lakes Foam Technologies, Inc*, 295 Mich App 666, 677; 816 NW2d 464 (2012). The trial court abuses its discretion when it chooses an outcome outside the range of principled outcomes. *Id*. Any factual findings underlying the trial court's decision are reviewed for clear error. *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 660; 819 NW2d 28 (2011). "A finding is clearly erroneous when this Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted).

---

[1] Collins also brought a negligence claim against John Doe, the unknown driver who struck decedent while she was crossing the street.

[2] *Estate of Collins v Allstate Ins Co*, unpublished order of the Court of Appeals, entered November 16, 2021 (Docket No. 358264).

Once a fiduciary, including a personal representative, is qualified to serve in that capacity, letters of authority can be issued to that fiduciary. MCR 5.202(A). Letters of authority set forth the powers of the personal representative, including the right to act on behalf of the estate. MCL 600.5852(1); *Lentini v Urbancic (On Remand)*, 267 Mich App 579, 580-581; 705 NW2d 701 (2005). The trial court dismissed Collins's lawsuit against Allstate after Collins violated court orders to provide letters of authority to act on decedent's behalf.

"Trial courts possess the inherent authority to sanction litigants and their counsel, including the right to dismiss an action." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). "MCR 2.313(B)(2)(c) explicitly authorize[s] a trial court to enter an order dismissing a proceeding or rendering a judgment by default against a party who fails to obey an order to provide discovery."[3] *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 86; 618 NW2d 66 (2000) (quotation marks and citation omitted). But "[o]ur legal system is also committed to a countervailing policy favoring disposition [of] litigation on the merits." *North v Dep't of Mental Health*, 427 Mich 659, 662; 397 NW2d 793 (1986). Thus, dismissal is considered a "drastic" step that should be done with caution. *Swain v Morse*, 332 Mich App 510, 518; 957 NW2d 396 (2020).

"Mindful of the fact that dismissal is a harsh remedy to be invoked cautiously, the trial court should evaluate the length, circumstances, and reasons for delay in light of the need for administrative efficiency and the policy favoring the decisions of cases on their merits . . . ." *North*, 427 Mich at 662. Trial courts should also consider the following nonexhaustive factors (*Dean* factors) before imposing the severe sanction of dismissal:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Vicencio v Ramirez*, 211 Mich App 501, 507; 536 NW2d 280 (1995), citing *Dean v Tucker*, 182 Mich App 27, 32-33; 451 NW2d 571 (1990).]

The trial court must explain its reasons for dismissal on the record "in order to allow for meaningful appellate review," *Kalamazoo Oil Co*, 242 Mich App at 88, and "must also evaluate on the record other available options before concluding that a drastic sanction is warranted," *Frankenmuth Mut Ins Co v ACO, Inc*, 193 Mich App 389, 397; 484 NW2d 718 (1992).

The trial court's order of dismissal with prejudice merely stated that the case was dismissed for "failure to provide Letters of Authority pursuant to the Court's July 9, 2021 Order." It is undisputed that Collins did not comply with the trial court's order granting Allstate's second

---

[3] MCR 2.313(B)(2)(c) provides that a trial court may sanction a party who fails to obey an order to provide discovery with "such sanctions as are just," including "an order striking pleadings or parts of pleadings, staying further proceedings until the order is obeyed, dismissing the action or proceeding or a part of it, or rendering a judgment by default against the disobedient party." The trial court's order of dismissal did not specify whether it relied on MCR 2.313(B)(2)(c), but Allstate's motion to dismiss cited this court rule.

motion to compel letters of authority. But in dismissing Collins's case with prejudice, the trial court never "explain[ed] its reasons for imposing such a grave sanction in order to allow for meaningful appellate review." *Kalamazoo Oil Co,* 242 Mich App at 88. For instance, the trial court did not explain why dismissal with prejudice was a more just sanction than the less severe sanction of dismissal without prejudice. The trial court also made no factual findings about whether Collins's conduct was willful and deliberate, or whether Collins's noncompliance with discovery orders prejudiced Allstate—findings that could have supported the drastic sanction of dismissal with prejudice.

Allstate asserts that although the trial court analyzed none of the *Dean* factors before dismissing the case, dismissal was clearly appropriate if the trial court *had* considered the factors. Allstate then goes on to, itself, analyze the *Dean* factors and explain why, having considered the factors, the "only appropriate sanction was dismissal with prejudice." While we appreciate Allstate's well-reasoned analysis, our duty is to review the trial court's reasoning, not a litigant's view of what the trial court might have found had the court provided any record of its decision. The trial court abused its discretion by failing to provide any reasoning or consideration of lesser sanctions on the record. On remand, "[t]he record should reflect that that the trial court gave careful consideration to the factors involved and considered all its options in determining what sanction was just and proper in the context of the case before it." *Kalamazoo Oil Co*, 242 Mich App at 86 (quotation marks and citation omitted).[4]

We vacate the trial court's order of dismissal and remand this case for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Kristina Robinson Garrett
/s/ Christopher P. Yates

---

[4] Allstate also cites MCR 2.504(B) on appeal, seemingly as another basis for affirming the trial court's decision. MCR 2.504(B) concerns involuntary dismissals, and Allstate asserts that Collins failed to prosecute his lawsuit. But there is no evidence that the trial court dismissed the case under MCR 2.504(B), nor did Allstate make this argument below. Accordingly, we decline to consider it.

-4-