*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BARRY GRANT CPA, PC,

Plaintiff/Counterdefendant-Appellant,

v

SCOTT COMBS and LAW OFFICES OF SCOTT E. COMBS, PC,

Defendants/Counterplaintiffs-Appellees.

UNPUBLISHED
December 22, 2022

No. 358651
Wayne Circuit Court
LC No. 17-005960-CB

Before: JANSEN, P.J., and SERVITTO and GADOLA, JJ.

PER CURIAM.

Plaintiff/counterdefendant, Barry Grant CPA, PC ("plaintiff"), appeals as of right the trial court order on remand from this Court dismissing plaintiff's claims with prejudice because of intentional discovery violations, and granting defendants/counterplaintiffs, Scott Combs and the Law Offices of Scott E. Combs, PC ("defendants"), summary disposition based on the statute of limitations. Plaintiff argues that the trial court abused its discretion in dismissing the case for purported failures to comply with discovery orders, and erred in concluding that plaintiff's claims were barred by the statute of limitations. We affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts of this matter and prior procedural history were provided in a previous unpublished opinion by this Court, *Grant v Combs*, unpublished per curiam opinion of the Court of Appeals, entered April 22, 2021 (Docket No. 348290), pp 1-3 (footnotes omitted):

Barry M. Grant was a certified public accountant and the sole shareholder of plaintiff, and also of Action Video, Inc. Grant, through plaintiff, engaged in the business of providing expert economic and damage analysis and reporting, and expert witness services, and, through Action Video, provided video services to the legal industry, including producing and editing "day in the life" videos. Defendant Scott Combs was an attorney and the sole shareholder of defendant Law Offices of Scott E. Combs PC, who, in 2000-2001, and again in 2010-2011, utilized the expert

services of Grant and his business entities. Defendants allegedly failed to pay $26,230 in fees related to these services. On November 16, 2016, plaintiff, as assignee of Grant's and Action Video's rights and claims, initiated this action. Plaintiff asserted claims of "action on debt." "unjust enrichment," and "claim and delivery," and sought to recover the unpaid fees plus interest, costs, and attorney fees.

Defendants generally denied plaintiff's allegations. Defendants asserted that the claims were stale, fraudulent, and false. . . . Defendants filed a counatercomplaint seeking to recover unpaid fees for legal services that Combs allegedly provided to Grant. . . .

The litigation progressed slowly. Disagreements about discovery ensued from the start. Both parties, at times, complained of, and filed motions regarding, the opposing party's failure to fully and completely comply with discovery requests, including to cooperate by providing depositions, resulting in court orders and directives compelling discovery. The record revealed that both parties, to some extent, bore responsibility for the protracted discovery, if not for a total lack of cooperation. When plaintiff failed to provide full and complete answers to defendants' discovery requests, the trial court, on May 10, 2018, ordered plaintiff to comply or the claims would be dismissed with prejudice. Thereafter plaintiff provided amended and supplemental answers and produced related documents. The record further revealed that the parties' depositions did not occur before the discovery cutoff, and that, despite plaintiff's attempts to take Combs'[s] deposition[], Combs repeatedly cancelled.

In August 2018, the trial court referred the parties to a "discovery master." The parties, upon the discovery master's recommendation, stipulated to provide dates for their respective depositions within seven days. But, again, the depositions never occurred. Plaintiff's attorney later attested that he timely mailed a letter to defendants with four dates of availability for Grant's deposition, but that defendants never responded nor provided dates for Combs'[s] deposition. Defendants asserted that plaintiff never actually provided dates for Grant's deposition.

On January 10, 2019, defendants moved for dismissal of plaintiff's claims with prejudice under MCR 2.313(B)(2)(c) and MCR 2.504(B)(1), asserting that plaintiff had repeatedly and willfully failed to comply with the trial court's discovery orders to compel, causing undue delay that severely prejudiced them. Defendants complained that plaintiff provided only partial answers and never fully and completely responded to their discovery requests, deliberately withheld requested discovery, and failed to provide dates for Grant's deposition. In response, plaintiff asserted that it fully complied with defendants' discovery requests by answering them repeatedly, but that defendants had refused to cooperate in scheduling depositions. Thereafter, the discovery master considered the parties' compliance with discovery. Defendants submitted a supplemental brief regarding plaintiff's alleged noncompliance and uncooperativeness in discovery, asserting that plaintiff "did nothing" and deliberately withheld requested discovery.

-2-

Plaintiff's attorney filed an affidavit attesting that he had provided answers to every discovery request including pertinent documents in plaintiff's possession and dates of availability for Grant's deposition, that he had noticed several dates for Combs'[s] deposition, and that he had fully complied with the parties' stipulation to provide dates for their depositions within seven days. He attached plaintiff's responses to defendants' discovery requests, including the supplemental answers and the documents that plaintiff ultimately produced. The discovery master ultimately made a recommendation, but the record is silent on the discovery mediation process, what the discovery master considered, and the recommendation itself.

By February 15, 2019, over two years had passed since plaintiff filed its complaint. Neither Grant's nor Combs'[s] deposition had been taken, and defendants complained that plaintiff's discovery responses remained deficient. The trial court dismissed all of the claims and counterclaims with prejudice. The court explained as follows:

> Well, the Court after reviewing all of the documents submitted by and all the discovery requests and the recommendation of [the discovery master] the Court is inclined to grant the motion. The Court has reviewed the documents, the briefs, the pleadings and arguments. This has been a protracted, incredibly protracted, crept it [sic] along and I think a wasteful litigation on the Court's part.

In the initial appeal, both parties cross-appealed the March 15, 2019 order dismissing all of plaintiff's claims and all of defendants' claims with prejudice. *Id*. at 1. This Court held that the trial court abused its discretion by failing to consider on the record the factors pertinent to its dismissal decision, provided in *Vicencio v Jaime Ramirez, MD, PC*, 211 Mich App 501, 507; 536 NW2d 280 (1995). *Grant*, unpub op at 1, 5. The court considered the length of the delay and its need for administrative efficiency, but none of the other factors. *Id*. at 5. It made no findings regarding prejudice. *Id*. at 6. In the absence of a record of the reasons supporting the trial court decision, the matter was reversed and remanded. *Id*. at 7. The Court did not address whether summary disposition of plaintiff's claims under MCR 2.116(C)(7) was proper based on the statute of limitations because it was never decided in the trial court. *Id*.

On remand, defendants again moved for dismissal, arguing that (1) the court's previous order of dismissal was proper—the court just needed to articulate its reasons, (2) the court should grant defendants' summary disposition under MCR 2.116(C)(7) because plaintiff's claims were barred by the statute of limitations, and (3) the court should uphold an order entered in the Wayne County Probate Court dismissing plaintiff's claims regarding the Lisa Schwab case—one of the cases in which plaintiff provided expert services and defendants did not pay. Plaintiff filed a brief in opposition, relying on an affidavit of plaintiff's attorney, Michael J. Lebow, who attested that he answered and complied with all discovery requests. Plaintiff argued its claims were not barred by the statute of limitations because Combs acknowledged the debt by payments made within the six-year period, and that defendants cited no authority to support their claim that the probate court ruling impacted the claims in this case. The court held a hearing on the matter, but ultimately dispensed with oral argument. The court entered an order dismissing plaintiff's claims with

prejudice based on plaintiff's intentional discovery violations, and granting defendants summary disposition based on the statute of limitations. This appeal followed.

## II. STANDARD OF REVIEW

"A trial court's decision to dismiss an action is reviewed for an abuse of discretion." *Donkers v Kovach*, 277 Mich App 366, 368; 745 NW2d 154 (2007). The trial court's decision whether to impose discovery sanctions is also reviewed for an abuse of discretion. *Swain v Morse*, 332 Mich App 510, 518 n 8; 957 NW2d 396 (2020). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable outcomes." *Id*. This Court reviews any factual findings underlying a trial court's decision for clear error. MCR 2.613(C). "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Swain*, 332 Mich App at 518 n 8 (quotation marks and citation omitted).

## III. ANALYSIS

The trial court did not abuse its discretion when it dismissed plaintiff's claims with prejudice.

"[T]rial courts possess the inherent authority to sanction litigants and their counsel, including the power to dismiss an action." *Id*. at 521 (quotation marks and citation omitted). "This power is governed not so much by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," and this power "must be exercised with restraint and discretion." *Id*. at 521-522 (quotation marks and citation omitted).

The Michigan Court Rules do, however, "explicitly authorize a trial court to enter an order dismissing a proceeding or rendering a judgment by default against a party who fails to obey an order to provide discovery." *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 86; 618 NW2d 66 (2000) (quotation marks and citation omitted). MCR 2.313(B)(2)(c) provides that if a party fails to obey a discovery order, the court may enter an order "dismissing the action or proceeding or a part of it, or rendering a judgment by default against the disobedient party[.]" MCR 2.504(B)(1) also provides that "[i]f a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims." However, "[s]evere sanctions such as default or dismissal are predicated on a flagrant or wanton refusal to facilitate discovery that typically involves repeated violations of a court order." *Swain*, 332 Mich App at 518.

In this matter, this Court remanded the case back to the trial court to consider the following factors on the record before imposing the sanction of dismissal:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id*. at 524, quoting *Vicencio*, 211 Mich App at 507 (quotation marks omitted).]

On remand, defendants filed a renewed motion to dismiss, and a hearing was held. The court properly addressed these factors on the record. The court based its decision on several motion hearings in which plaintiff did not appear or file a response, answer when the court called, or take any action thereafter. The court found that the first time defendants sought dismissal, plaintiff failed to file a response or appear, and the court told defendants to refile and come back. When defendants again moved for dismissal, the same thing occurred—plaintiff failed to file a response or appear. When the parties were sent before the discovery master, again, plaintiff did not appear. The court found that these missed hearings and violations of court orders were willful, not accidental, and constituted a history of noncompliance, delaying the proceedings for at least one year.

Some of the court's findings of fact were clearly erroneous. Defendants first moved to compel discovery on November 27, 2019, claiming that plaintiff did not provide full responses to the discovery defendants served on plaintiff in April and July 2017, nor had Grant's deposition been taken. Plaintiff filed a response to this motion on December 12, 2017, claiming it had answered all discovery requests, even some duplicates. The court held a hearing on December 15, 2017, and when asked if both sides were present, an "unidentified speaker" said no, but since a response was filed to the motion, the court should wait to hear the motion. The court passed on the motion to be recalled, but then entered an order on December 28, 2018, stating that defendants' motion to compel would be renoticed for a later date. Plaintiff filed a response to defendants' request to admit, request to produce, and interrogatories dated November 27, 2017. Thus, the trial court's finding of fact on remand that plaintiff did not file a response to defendants' first motion to compel was clearly erroneous.

On April 11, 2018, defendants again moved to compel discovery, stating that plaintiff's counsel failed to appear at the last hearing or call the court to say he was not coming, and again sought full responses for discovery served on plaintiff in April and July 2017. Defendants asserted that they could not depose Grant until plaintiff fully responded. An answer to this motion from plaintiff dated April 26, 2018, is in the lower court record. However, at a hearing held the next day, an "unidentified speaker" who appeared with Combs, presumably defense counsel, stated that defendants had not received a response, and suggested waiting 15 minutes. When the court asked if the unidentified speaker spoke to counsel for the other side, he responded that he had not, and that plaintiff's counsel had not shown up for the last hearing, so he had refiled this motion. The court stated that it would wait until 9:00 a.m., and if plaintiff did not appear, the court would enter an order stating plaintiff had 14 days to respond to discovery, and if there was no response, the claims would be dismissed. The court entered an order on May 10, 2018, to this effect, and plaintiff produced amended discovery responses the same day. Although plaintiff's response to the second motion to compel is in the record, it is dated the day before the hearing, and it is therefore unclear whether the court or defendants were in possession of a copy at the time of the court's decision.

Plaintiff moved for entry of default for wrongful conduct and discovery abuse by defendants on August 3, 2018, and defendants filed a response. But at the August 10, 2018 motion hearing, the court clarified that what plaintiff really wanted was to take Combs's deposition, and sent the parties to the discovery master. When the court went back on the record, it stated that the recommendation of the discovery master was for each party to provide available dates for depositions within seven days, and Grant's deposition was to be completed before Combs's. In

-5-

Lebow's second affidavit filed on remand, he asserted that he sent a letter by US mail to defendants on August 10, 2018, providing several dates for Grant's deposition. Although he customarily communicated by e-mail, there was an interruption in his internet service that day. Defendants denied ever receiving this letter.

On January 10, 2019, defendants moved to dismiss a third time. Defendants asserted that plaintiff's pending discovery responses were still incomplete or insufficient, and plaintiff did not provide deposition dates within seven days of the last court order. Plaintiff filed a response denying the allegations on January 16, 2019.

The second proceedings before the discovery master at this time are unclear from the record. However, on remand, defendants produced a January 18, 2019 recommendation of the discovery master indicating that the parties were "to brief the issues (answers to discovery) and return to the attorney lounge on February 1, 2019." Defendants also produced an e-mail with their supplemental information for the discovery master dated January 28, 2019. There is no evidence in the record of a supplement filed by plaintiff, nor any evidence of what occurred before the discovery master on February 1, 2019. Defendants asserted in their motion to dismiss on remand that plaintiff did not appear, and the discovery master recommended full dismissal of plaintiff's claims. On February 15, 2019, the court held a hearing on defendants' third motion to dismiss, and ultimately entered the order dismissing all of plaintiff's claims and defendants' counterclaims that was at issue in the first appeal.

Thus, it appears that the trial court's finding on remand that plaintiff failed to file a response to defendants' first motion to compel was clearly erroneous. However, the record indicates that plaintiff's counsel did not appear for the first two hearings. Although Lebow attested in his second affidavit filed on remand that he was late for two hearings because of chronic illness, telephoned chambers to say he would be late, and ultimately arrived late to the courtroom to find that the motions had already been called, this does not render the trial court's findings that he failed to appear clearly erroneous. Lebow alleged that he would be seen in the court's security footage, but did not produce that evidence. The court also found that there were no attempts to cure as plaintiff's counsel never filed any briefs or did anything after failing to appear at the hearings. This also appears to be clearly erroneous as plaintiff served defendants with discovery responses after the first two hearings were held.

Returning to the factors, the court found on remand that there was prejudice to defendants because three of plaintiff's witnesses had died in this time. And given the fact that dismissal had been leveraged as a consequence for noncompliance, the court concluded that dismissal was appropriate.

Thus, on remand, the court made a proper record of its consideration of each factor. Although some of the trial court's findings of fact were clearly erroneous, it was not an abuse of discretion to dismiss plaintiff's claims. The trial court acted within its inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Swain*, 332 Mich App at 521-522 (quotation marks and citation omitted). These were contentious proceedings between sophisticated parties that lasted years. At the hearing on remand, when asked if there was anything to add outside of the parties' briefs, plaintiff's counsel addressed Combs's bar status, which the court said was irrelevant to the proceedings. Lebow interrupted the court so

many times that the court had to dispense with oral argument. Thus, it was not an abuse of discretion for the trial court to dismiss plaintiff's claims.[1]

Affirmed.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael F. Gadola

---

[1] This conclusion renders unnecessary discussion of plaintiff's second issue on appeal regarding the trial court's grant of summary disposition under MCR 2.116(C)(7) based on the statute of limitations.