*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

C-SPINE ORTHOPEDICS, PLLC,

Plaintiff-Appellant,

v

PROGRESSIVE MARATHON INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
February 9, 2023

No. 358773
Macomb Circuit Court
LC No. 2020-002250-NF

Before: GLEICHER, C.J., and SERVITTO and YATES, JJ.

SERVITTO, J. (*concurring*).

I concur with the well-reasoned analysis and in the result reached by the majority. I write separately only to express my dismay at both the messiness of the lower court discovery and also what appears to be plaintiff counsel's misleading of the trial court, which contributed to that messiness. For example, the date that the counter-assignments were drafted and signed was a continuing question throughout the proceedings. At a February 1, 2021 hearing on defendant's motion for partial summary disposition, plaintiff's counsel had represented that she was counsel for "all of the companies, all of the factoring companies, C-Spine, everyone," even though the only party involved in the case was C-Spine. In a May 20, 2021 response to defendant's third interrogatories, request for production of documents, and requests to admit, signed only by plaintiff's counsel, counsel stated it was unknown whether the counter-assignments were created after the complaint was filed. More importantly, after the trial court denied defendant's motion for partial summary disposition, and upon further discovery, plaintiff's counsel revealed that she had *now* "received permission" to disclose the dates the counter-assignments were created and sent to the parties for execution (which post-dated the filing of the complaint). I would like to give plaintiff's counsel the benefit of the doubt, given that intentional misleading of the trial court, indeed, any manipulation of the legal process is deserving of sanctions. See, *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 89; 618 NW2d 66 (2000); *Miller v Riverwood Recreation Ctr, Inc*, 215 Mich App 561, 572; 546 NW2d 684 (1996). However, it is difficult to do so when plaintiff

counsel's actions smack of gamesmanship—which one of discovery's primary purposes is to *eliminate*. *People v Burwick*, 450 Mich 281, 298; 537 NW2d 813 (1995).

/s/ Deborah A. Servitto