*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JUAN BURNS,

      Plaintiff-Appellant,

v

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN and FARM BUREAU
GENERAL INSURANCE COMPANY,

      Defendants-Appellees,

and

MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,[1]

      Defendant.

UNPUBLISHED
December 22, 2022

No. 359647
Macomb Circuit Court
LC No. 2020-003753-NF

Before: HOOD, P.J., and SWARTZLE and REDFORD, JJ.

PER CURIAM.

      Plaintiff, Juan Burns, appeals as of right an order granting the second renewed motion for dismissal of defendants Farm Bureau Mutual Insurance Company of Michigan and Farm Bureau General Insurance Company (collectively, Farm Bureau). We affirm.

## I. BACKGROUND

---

[1] Defendant Michigan Automobile Insurance Placement Facility's only involvement in this case was to assign plaintiff, Juan Burns's, claim for no-fault benefits to defendants Farm Bureau Mutual Insurance Company of Michigan and Farm Bureau General Insurance Company. It did not appear before the trial court, nor has it participated in this appeal.

This case originates from a mid-October 2019 automobile accident in which Burns was allegedly injured. In October 2020, Burns sued Farm Bureau, his assigned insurer. He alleged that he received medical treatment for his injuries and that although Farm Bureau paid for "some" of his expenses, he was entitled to additional first-party no-fault benefits beyond what Farm Bureau had already paid. During the course of this litigation, Burns failed to comply with various discovery obligations.

By late February 2021, Burns had failed to timely file his initial disclosures and appear for three scheduled depositions. As a result, Farm Bureau moved to compel Burns's initial disclosures and deposition. In his response to the motion, Burns indicated he had, since Farm Bureau filed its motion, provided his initial disclosures. The parties also stipulated to an extension of the discovery deadlines. Approximately a month later, in early April 2021, Farm Bureau moved to dismiss after Burns missed his fourth scheduled deposition, missed his first scheduled insurance medical examination (IME), and failed to respond to Farm Bureau's discovery requests. The court denied Farm Bureau's request to dismiss the case. Instead, the court ordered Burns to attend a fifth scheduled deposition and a second scheduled IME. It also ordered him to pay sanctions to Farm Bureau for having to file its motion. The order warned Burns that failure to comply with the order may result in dismissal of his case.

Although Burns appeared for the fifth scheduled deposition, he failed to attend the second scheduled IME.[2] Farm Bureau rescheduled the IME for early August 2021. Burns's failure to attend the second IME also prompted Farm Bureau to renew its motion to dismiss. The trial court again denied Farm Bureau's motion to dismiss, but ordered Burns to pay Farm Bureau sanctions for the "no show" fee associated with his failure to attend the second IME. The court also ordered Burns to timely attend a third scheduled IME.

Burns failed to attend the third scheduled IME, leading Farm Bureau to renew its motion to dismiss for a second time. Following a hearing, the court granted the motion and dismissed Burns's case. Burns claimed he never received notice from his attorney that the third IME had been scheduled. The trial court found this excuse unpersuasive, noting that Burns's attorney was obligated to notify Burns of the IME and ensure his attendance. In dismissing the lawsuit, the trial court noted Burns's failure to attend multiple scheduled IMEs, despite court orders compelling him to attend two of them.

Burns unsuccessfully moved for reconsideration. In rejecting his motion, the trial court was unpersuaded by Burns's claim that he was compliant with discovery. The court noted Burns's missed depositions and three missed IMEs, two of which were court ordered. The court described Burns's conduct as willfully disobedient and found that his conduct prejudiced Farm Bureau because of the resulting delay and costs incurred in attempting to obtain Burns's IME, deposition, and discovery responses. The court held that a sanction less than dismissal would not better serve the interests of justice. This included finding that entering an order barring Burns from introducing

---

[2] Although Burns went to the second scheduled IME, he arrived 50 minutes late and the doctor was unable to see him. Burns claimed he was late because he had trouble securing transportation.

evidence related to his no-fault claim would essentially have the same effect as dismissal. The trial court, therefore, dismissed Burns's case without prejudice. This appeal followed.

## II. STANDARD OF REVIEW

We review a trial court's decision to dismiss a case for an abuse of discretion. *Donkers v Kovach*, 277 Mich App 366, 368; 745 NW2d 154 (2007). An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes. *Ferranti v Electrical Resources Co*, 330 Mich App 439, 443; 948 NW2d 596 (2019). Factual findings underlying a court's decision are reviewed for clear error. *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 660; 819 NW2d 28 (2011). A finding is clearly erroneous if this Court is left with a definite and firm conviction that the trial court made a mistake. *Id*. "[T]he proper lens for reviewing dismissal of a no-fault claim for failure to comply with the statutory IME requirement is the traditional analysis for dismissal as a discovery sanction." *Gueye v State Farm Mut Auto Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 358992); slip op at 9.

## III. LAW AND ANALYSIS

On appeal, Burns argues that the trial court abused its discretion when it dismissed the lawsuit as a discovery sanction. We disagree.

"[C]ourts possess the inherent authority to sanction litigants and their counsel, including the power to dismiss an action." *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006). A trial court can dismiss a case or enter default judgment against a party who disobeys a discovery order pursuant to MCR 2.313(B)(2)(c). *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 86; 618 NW2d 66 (2000). The Legislature authorized courts to dismiss an insured's action and award reasonable fees against them if the insured refuses to submit to a physician examination. *Muci v State Farm Mut Auto Ins Co*, 478 Mich 178, 188-189; 732 NW2d 88 (2007).

Dismissal is a drastic sanction. *Kalamazoo Oil Co*, 242 Mich App at 86. "Our legal system favors disposition of litigation on the merits." *Vicencio v Ramirez*, 211 Mich App 501, 507; 536 NW2d 280 (1995). Therefore, before dismissing a case, "the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper. The trial court must also explain its reasons for dismissal on the record in order to allow for meaningful appellate review." *Gueye*, ___ Mich App at ___; slip op at 9 (quotation marks and citations omitted). This Court has articulated a nonexhaustive list of factors for trial courts to consider before dismissing a case. See *id*. at ___; slip op at 9. Those include:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id*. (quotation marks and citations omitted).]

The trial court must consider more than simply whether the plaintiff attended the IME, but whether dismissal is just and proper in light of the plaintiff's noncompliance. *Gueye*, ___ Mich

App at ___; slip op at 11. Failing to attend an IME in a no-fault action does not, however, result in mandatory dismissal. *Id*. at ___; slip op at 11.

When reviewing a case that the trial court dismissed because of the plaintiff's failure to attend an IME and submit to an examination under oath, this Court in *Gueye* found it significant whether the defendant had filed a motion to compel and, therefore, whether there was a court order compelling attendance at an IME. *Gueye*, ___ Mich App at ___; slip op at 11. "While noncompliance with a court order compelling attendance at an IME is not required to dismiss the case," it is a factor which should be considered. *Id*. at ___; slip op at 11-12.

The trial court had to consider seven factors before dismissing the case, the first being whether Burns's discovery violations were willful or accidental. *Gueye*, ___ Mich App at ___; slip op at 9. The trial court addressed this factor when it found that Burns's reasons for missing the IMEs were insufficient to excuse his nonattendance and that, overall, he had not been pursuing the case. In other words, the court found that Burns's failure to attend the IMEs was not accidental and evidenced his intentional failure to pursue his case. On reconsideration, the trial court described Burns's failure to attend three statutorily required IMEs—two of which were court ordered—and noncompliance with discovery as willfully disobedient. The trial court also monetarily sanctioned Burns twice, once for failing to comply with discovery requests and another time for failing to attend a deposition without an excuse. Missing one deposition or IME may have been an accident. But it was reasonable to conclude that missing four depositions and all three IMEs, along with other discovery violations, was not accidental. Even if Burns did not consciously refuse to attend the IMEs and depositions, and comply with discovery, he certainly did not take the necessary steps to ensure his compliance.

The next factor the trial court needed to consider was Burns's history of refusing to comply with previous court orders. *Gueye*, ___ Mich App at ___; slip op at 9. Regarding this factor, the court noted that it had ordered Burns to appear for the second and third scheduled IMEs, but he attended neither. The trial court concluded that Burns's failure to attend the compelled IMEs and pursue his case justified dismissal. The court also acknowledged that Burns had failed to pay previously-ordered sanctions (related to missing the second IME), but decided not to enforce the sanctions in light of the dismissal. The trial court had warned Burns that a failure to comply with the orders might result in dismissal, and it eventually did so. The trial court dismissed the action because of Burns's failure to attend two court ordered IMEs and comply with discovery obligations throughout the lawsuit. See *Kalamazoo Oil Co*, 242 Mich App at 86 (indicating that a trial court may dismiss a case if a plaintiff disobeys a discovery order). The trial court, therefore, addressed the second factor and did not err in finding that Burns had a history of refusing to comply with court orders.

The third factor, whether there is a history of deliberate delay, is closely tied to the previous two factors. *Gueye*, ___ Mich App at ___; slip op at 9. The trial court found that Burns's delays were the result of his willful disobedience, i.e., it considered these delays to be deliberate. The court also found that Burns had a history of delay, concluding that Burns failed to comply with multiple court orders and discovery requests. Accordingly, the trial court addressed this factor and properly concluded that Burns had a history of deliberate delay.

Regarding the fourth factor, prejudice to the defendant caused by the plaintiff's actions, the trial court found that the delays and costs caused by Burns's noncompliance prejudiced Farm Bureau. *Gueye*, ___ Mich App at ___; slip op at 9. Roughly two years passed between the date of the accident and the trial court's finding that dismissal was warranted. It took several months and four missed depositions before Burns sat for a deposition. He also never attended an IME, despite being under court order for two of those scheduled. Farm Bureau filed several motions related to these missed depositions and IMEs. It also incurred at least $1,800 in no-show costs as a result of Burns's failure to attend the IMEs. Accordingly, the trial court addressed the fourth factor and did not err in finding that Farm Bureau was prejudiced by Burns's conduct.

The court also had to consider the degree of Burns's noncompliance with other parts of the court's orders. *Gueye*, ___ Mich App at ___; slip op at 9. Although the trial court dismissed the case, in part, because of Burns's failure to attend the court ordered IMEs, the court, in concluding that dismissal was proper, also considered Burns's failure to attend depositions. Specifically, the court noted it had to compel Burns to attend the deposition. The court order compelling Burns to attend his deposition included language warning Burns that failure to comply with court orders could result in dismissal of his case. Additionally, Burns did not pay the sanction the court awarded to Farm Bureau after Burns missed the second scheduled IME. The trial court sufficiently addressed this factor before dismissing the case.

The sixth factor required the trial court to consider whether and how Burns had attempted to cure any discovery defects. *Gueye*, ___ Mich App at ___; slip op at 9. Burns had not attempted to cure the discovery defects relating to the IME as of the date of dismissal. The court noted that Burns had three opportunities to attend an IME and missed each of them. Further, the court found that Burns did not cooperate with discovery until it ordered him to do so. The court also recognized that Burns did not pay the sanction the court awarded to Farm Bureau after he missed his second scheduled IME. Overall, the record demonstrates that Burns showed minimal effort in attempting to cure his various discovery defects. The trial court, therefore, sufficiently considered this factor before dismissing the case.

Finally, the trial court had to consider whether a sanction less than dismissal would have better served the interests of justice. *Gueye*, ___ Mich App at ___; slip op at 9. The court did this in two ways. First, on several occasions, it implemented lesser sanctions before dismissal, and, therefore, necessarily considered alternative sanctions to dismissal. In response to Farm Bureau's first motion to dismiss, the trial court, rather than dismissing the case, chose to compel the deposition, order Burns to appear for his IME, and order monetary sanctions against Burns for his delays. The court also denied Farm Bureau's renewed motion to dismiss and again ordered Burns to appear for his IME and pay monetary sanctions. These actions demonstrate that the trial court considered and implemented lesser sanctions before dismissing the case. Second, the court held that because of Burns's refusal to comply with court orders, it had no other choice but to dismiss the case. Accordingly, the trial court considered and implemented lesser, alternative sanctions and, at the final hearing, noted that lesser sanctions were no longer sufficient given Burns's repeated noncompliance.

We, therefore, conclude that the trial court considered each of the relevant factors and provided clear reasoning for its decision to dismiss the case. Given Burns's repeated failure to timely comply with discovery obligations, attend any of the three IMEs scheduled, or pay court-

ordered sanctions, it cannot be said that the trial court's decision to dismiss fell outside the range of principled outcomes. Overall, Burns has repeatedly failed to pursue his lawsuit, prejudicing Farm Bureau. Though Burns was warned that dismissal might result from his continued failure to comply with discovery obligations, he continued to violate court orders and other discovery obligations. The trial court stated it effectively had no other choice but to dismiss the case because Burns repeatedly refused to comply with lesser sanctions. Dismissal was a permissible and appropriate sanction.

We affirm.

/s/ Noah P. Hood
/s/ Brock A. Swartzle
/s/ James Robert Redford