USITALO v LANDON

Docket No. 308240. Submitted November 6, 2012, at Lansing. Decided
    December 11, 2012. Approved for publication January 10, 2013, at
    9:05 a.m.

Julianna Ellen Usitalo brought an action in the Saginaw Circuit
Court against Melissa Jo Landon, her former domestic partner and
the biological mother of the minor child they adopted, seeking sole
legal and physical custody of the child. Plaintiff also filed a motion
for parenting time. In response, defendant moved to dismiss the
complaint and the motion, arguing that the adoption order, which
had been issued in 2005 by the family division of the Shiawassee
Circuit Court, James R. Clatterbaugh, J., was void *ab initio*
because, given that Michigan law only permits adoptions by a
single person or a married couple and that Michigan does not
recognize same-sex marriages, the court lacked subject-matter
jurisdiction over the adoption proceeding. The Saginaw Circuit
Court, William A. Crane, J., transferred the case to the Shiawassee
Circuit Court, where it was assigned back to Judge Clatterbaugh.
Defendant moved to dismiss the custody proceedings and for
mandamus, asking the court to vacate the adoption order. After a
hearing, the court denied defendant's motions, ruling that it had
had subject-matter jurisdiction over the 2005 adoption under MCL
600.1021(1)(b) and noting that if the parties had disagreed with its
interpretation of the adoption statute, they would have had to
appeal within 21 days of its original ruling on the adoption in 2005.
The court transferred the case back to the Saginaw Circuit Court
for custody proceedings, where defendant again moved for dis-
missal. The court denied defendant's motion on res judicata
grounds and entered an order granting plaintiff joint legal and
physical custody as well as parenting time. Defendant appealed.

The Court of Appeals *held*:

The court had subject-matter jurisdiction over the adoption
proceeding under MCL 600.1021(1)(b); therefore, no collateral
attack on the adoption order was permissible and dismissal of
plaintiff's custody complaint and motion for parenting time was
not required. Subject-matter jurisdiction refers to a court's power
to act and authority to hear and determine a case of the kind or

character of the one pending, not the particular case before it. A party may attack subject-matter jurisdiction at any time, and a proven lack of subject-matter jurisdiction renders a judgment void; however, the existence of subject-matter jurisdiction does not depend on the correctness of the court's ultimate legal conclusions. While a lack of subject-matter jurisdiction may be collaterally attacked, a court's exercise of jurisdiction may only be challenged on direct appeal. It was undisputed that the court that granted the 2005 adoption generally had subject-matter jurisdiction over adoption proceedings under MCL 600.1021(1)(b). The fact that the court may have erred by granting the adoption did not allow a collateral attack on the adoption order or render it void because there was no defect in the court's subject-matter jurisdiction.

Affirmed.

SHAPIRO, J., concurring, wrote separately to note that the logical consequence of defendant's argument that the custody order was void *ab initio* would have been the elimination of defendant's own parental rights and the possibility that the child would be left without a legal parent, given that defendant had surrendered her parental rights as birth mother before the joint adoption and had made no jurisdictional challenge to the circuit court's order terminating those rights.

PARENT AND CHILD — ADOPTIONS — SUBJECT-MATTER JURISDICTION — COLLAT-
ERAL ATTACK.

Subject-matter jurisdiction refers to a court's power to act and authority to hear and determine a case of the kind or character of the one pending, not the particular case before it; a party may attack subject-matter jurisdiction at any time, and a proven lack of subject-matter jurisdiction renders a judgment void; however, the existence of subject-matter jurisdiction does not depend on the correctness of the court's ultimate legal conclusions; while a lack of subject-matter jurisdiction may be collaterally attacked, a court's exercise of that jurisdiction may only be challenged on direct appeal; the family divisions of circuit courts have subject-matter jurisdiction over adoption proceedings under MCL 600.1021(1)(b); a legal error underlying an adoption order does not create a defect in subject-matter jurisdiction; an adoption order that was erroneously granted as a matter of law may not be collaterally attacked on jurisdictional grounds because of the legal error.

*Mark Granzotto, Sarah C. Zearfoss, Jay D. Kaplan, Michael J. Steinberg*, and *Kary L. Moss* for plaintiff.

*Burkhart, Picard, Tiderington, & McLeod, P.L.L.C.* (by *Thomas D. Burkhart*), for defendant.

Before: CAVANAGH, P.J., and HOEKSTRA and SHAPIRO, JJ.

PER CURIAM. Defendant, Melissa Jo Landon, appeals as of right the trial court's order granting plaintiff, Julianna Ellen Usitalo, joint legal and physical custody of their adopted daughter as well as parenting time. Defendant is the biological mother of the minor child, who was born on November 28, 2003. The parties, who were in a long-term, same-sex relationship, adopted the minor child on February 28, 2005. On appeal, defendant does not challenge the propriety of the custody and parenting-time award entered by the trial court. Instead, defendant argues that the Michigan Adoption Code, MCL 710.21 through MCL 710.70, only permits adoptions by a single person or a married couple, and that because Michigan does not recognize same-sex marriages, plaintiff's adoption of the minor child was void *ab initio*. Defendant acknowledges that a collateral attack on the validity of an adoption is not typically permissible; however, she argues that because Michigan law does not permit same-sex adoptions, the court that granted the adoption lacked subject-matter jurisdiction. Accordingly, defendant maintains that a collateral attack on the validity of the adoption is permissible. Because we conclude that the court had subject-matter jurisdiction over the adoption, defendant may not collaterally attack the validity of the 2005 adoption order. Therefore, we affirm the trial court's order granting plaintiff custody and parenting time.

After the 2005 adoption, the parties lived together and jointly raised the minor child. In July 2007, plaintiff and defendant separated, but continued to jointly par-

ent the minor child. In August 2008, the parties entered
into a written agreement regarding custody and parent-
ing time. However, the relationship between the parties
further deteriorated, and in November 2009, the parties
stopped cooperating in regard to the minor child's care
and custody. On January 27, 2010, plaintiff filed a
complaint against defendant in the Saginaw Circuit
Court, seeking sole legal and physical custody of the
minor child. Plaintiff filed a motion for parenting time
on the same day. In response, defendant filed an answer
and a motion to dismiss. Defendant argued that plain-
tiff's adoption of the minor child was void *ab initio*
because Michigan does not permit same-sex adoptions.
Thus, defendant argued that because the adoption was
void, plaintiff was not a legal parent of the minor child,
and dismissal of plaintiff's complaint for custody and
motion for parenting time was accordingly required.

In response to the parties' filings, the Saginaw Cir-
cuit Court issued an order transferring the matter to
the Shiawassee Circuit Court, which is where the adop-
tion had been granted. In its order, the Saginaw Circuit
Court found that the legal status of the adoption was a
central issue in the case and stated, "This court sees no
reason why it should hear a collateral attack upon an
adoption granted in Shiawassee County and will accord-
ingly transfer this matter to the Circuit Court for
Shiawassee County for any further proceedings."

Once the case was transferred, defendant filed a motion
to dismiss the custody proceedings and a motion for
mandamus, asking the Shiawassee Circuit Court to vacate
the 2005 order granting the adoption. Defendant argued
that even though her appellate rights had expired, man-
damus was available to compel the court to vacate the
order and a collateral attack on the adoption was permit-
ted because the court never had subject-matter jurisdic-

tion over the adoption proceeding. Defendant again argued that the court lacked subject-matter jurisdiction because Michigan's adoption code only permits adoptions by a single person or a married couple and Michigan does not recognize same-sex marriages. Thus, defendant maintained that the adoption was void and that plaintiff was merely an unrelated third party who lacked standing to bring a custody action.

Plaintiff countered that defendant wanted the adoption from the start and that the two of them had petitioned for it together. Plaintiff asserted that the court had subject-matter jurisdiction over the adoption because subject-matter jurisdiction is a court's right to exercise its power over a certain class of cases, and not just the particular case before it. Therefore, the adoption was valid and defendant was barred from bringing a collateral attack. Plaintiff maintained that defendant should have filed a direct appeal back in 2005 if she had wanted to challenge the court's interpretation of the Michigan Adoption Code.

A hearing was held in the family division of the Shiawassee Circuit Court on defendant's motion to dismiss the custody proceedings and motion for writ of mandamus to void the adoption. The court ordered that the case be reassigned to the judge who originally granted the adoption. The court noted that it believed the adoption was invalid, but ordered that the judge who granted the adoption "may enter any order . . . he deems appropriate with regards to the validity of the adoption order, after consideration of pleadings, briefings, and a transcript of the June 11, 2010 proceeding, as well as further briefings and arguments as he may direct."

The judge who had granted the adoption heard oral arguments regarding defendant's motion and issued an opinion from the bench, ruling that it had subject-

matter jurisdiction over the 2005 adoption because
Michigan's adoption code does not contain language
that includes or excludes adoption by an unmarried
couple. The court stated that if the parties disagreed
with its interpretation of the adoption statute, they
would have had to appeal within 21 days of its original
ruling on the adoption in 2005. Thus, the court denied
defendant's motion to dismiss the custody proceedings
and motion for mandamus and transferred the case
back to the Saginaw Circuit Court for custody proceed-
ings.

Defendant filed another motion to dismiss the cus-
tody proceedings in the Saginaw Circuit Court, which
denied the motion on the basis of res judicata because
the Shiawassee Circuit Court had already ruled on that
issue. After custody and parenting time hearings, the
Saginaw Circuit Court entered an order granting plain-
tiff joint legal and physical custody of the minor child,
as well as parenting time. Defendant now appeals as of
right.

On appeal, defendant reiterates her argument that
the Shiawassee Circuit Court lacked subject-matter
jurisdiction over the adoption proceeding; therefore,
her collateral attack on the adoption is permissible.
Thus, defendant maintains that this Court should re-
view the validity of the 2005 adoption and conclude that
the adoption was void and that plaintiff has no parental
rights to the minor child. In support of her argument,
defendant primarily relies on the reasoning and analy-
sis set forth in the dissenting opinion in *Hansen v
McClellan*, unpublished opinion per curiam of the
Court of Appeals, issued December 7, 2006 (Docket No.
269618).[1] Plaintiff argues that the court had subject-

---

[1] "An unpublished opinion is not precedentially binding under the rule
of stare decisis." MCR 7.215(C)(1). However, unpublished opinions can be

matter jurisdiction and that defendant accordingly cannot collaterally attack the validity of the 2005 adoption.

Whether a court has subject-matter jurisdiction is a question of law subject to review de novo. *Young v Punturo (On Reconsideration)*, 270 Mich App 553, 560; 718 NW2d 366 (2006).

Subject-matter jurisdiction refers to a court's power to act and authority to hear and determine a case. *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 375; 689 NW2d 145 (2004). "[S]ubject-matter jurisdiction describes the types of cases and claims that a court has authority to address." *In re AMB*, 248 Mich App 144, 166; 640 NW2d 262 (2001). This Court explained:

> "Jurisdiction over the subject matter is the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before the court in which it is pending, because of some inherent facts which exist and may be developed during the trial." [*Id.*, quoting *Joy v Two-Bit Corp*, 287 Mich 244, 253-254; 283 NW 45 (1938) (quotation marks and citations omitted).]

A party may attack subject-matter jurisdiction at any time, and a proven lack of subject-matter jurisdiction renders a judgment void. *In re Hatcher*, 443 Mich 426, 438; 505 NW2d 834 (1993). The existence of subject-matter jurisdiction does not depend on the correctness of the trial court's ultimate legal conclusions. *Id.* at 438-439. The Michigan Supreme Court explained:

> "Want of jurisdiction must be distinguished from error in the exercise of jurisdiction. Where jurisdiction has once attached, mere errors or irregularities in the proceedings,

---

instructive or persuasive. *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010).

however grave, although they may render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose, will not render the judgment void, and until set aside it is valid and binding for all purposes and cannot be collaterally attacked. Error in the determination of questions of law or fact upon which the court's jurisdiction in the particular case depends, the court having general jurisdiction of the cause and the person, is error in the exercise of jurisdiction. Jurisdiction to make a determination is not dependent upon the correctness of the determination made." [*Id.*, quoting *Jackson City Bank & Trust Co v Fredrick*, 271 Mich 538, 545-546; 260 NW 908 (1935) (quotation marks and citation omitted).]

Thus, while the lack of subject-matter jurisdiction may be collaterally attacked, a court's exercise of jurisdiction can only be challenged on direct appeal. *In re Hatcher*, 443 Mich at 439.

In this case, defendant does not dispute that the court that granted the 2005 adoption—namely, the family division of the circuit court in Shiawassee County—generally has subject-matter jurisdiction over adoption proceedings. MCL 600.1021(1)(b) specifically provides that "the family division of circuit court has sole and exclusive jurisdiction over . . . [c]ases of adoption as provided in chapter X of the probate code . . . ." See MCL 710.21; see also *In re Adams*, 189 Mich App 540, 542-543; 473 NW2d 712 (1991) ("Jurisdiction over adoption proceedings is conferred upon the probate court in chapter X of the Probate Code . . . ."). There is also no dispute that the adoption in this case was granted pursuant to chapter X of the Probate Code. Rather, defendant argues that because the Michigan Adoption Code does not provide for same-sex adoption, the family division of the circuit court lacked subject-matter jurisdiction in this case, despite the fact that it has subject-matter jurisdiction over adoption proceedings generally. Thus, defendant is essentially arguing

that subject-matter jurisdiction is proper only for adoptions that comply with defendant's interpretation of the Michigan Adoption Code. We disagree with defendant's view of subject-matter-jurisdiction jurisprudence.

Defendant's argument conflates subject-matter jurisdiction with a court's *exercise* of its jurisdiction. Whether the *court's interpretation* of the Michigan Adoption Code was correct as a matter of law has no effect on whether the court had subject-matter jurisdiction over the adoption because subject-matter jurisdiction concerns the right of a court to exercise judicial power over a certain class of cases, not a particular case within a class. *In re AMB*, 248 Mich App at 166. Defendant's argument—that the court lacked subject-matter jurisdiction because same-sex adoptions are not permitted by Michigan's adoption code—makes subject-matter jurisdiction dependent on the facts of a particular case within the broader class of adoption cases. However, defendant's understanding of subject-matter jurisdiction is incorrect because subject-matter jurisdiction concerns only a court's authority to exercise judicial power over broad classes of cases and does not consider particular cases within the broad class. *Id.* Even assuming defendant's interpretation of the Michigan adoption code is correct and same-sex adoptions are not permitted under Michigan law,[2] the fact that the court that granted the adoption in 2005 made an error of law is not sufficient to render the adoption void, and collateral attack is not permitted. When subject-matter jurisdiction is proper " 'mere errors or irregularities in the proceedings, however grave, although they may

---

[2] We specifically decline to rule on the merits of defendant's argument regarding the proper interpretation of the Michigan adoption code, and we offer no opinion regarding whether the Michigan Adoption Code permits same-sex adoptions.

render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose, will not render the judgment void,' " and such a judgment is " 'valid and binding for all purposes and cannot be collaterally attacked.' " *In re Hatcher*, 443 Mich at 438-439, quoting *Jackson City Bank*, 271 Mich at 545 (quotation marks and citation omitted).

Therefore, we conclude that defendant may not collaterally attack the validity of the 2005 adoption because there was no defect in the court's subject-matter jurisdiction. Thus, because the validity of the adoption may not now be questioned, we reject defendant's claim that plaintiff lacked standing to seek custody and parenting time of the minor child, and we affirm the trial court's custody and parenting-time order.

Affirmed.

CAVANAGH, P.J., and HOEKSTRA, J., concurred.

SHAPIRO, J. (*concurring*). I concur with the majority's conclusion and its analysis.

I write separately to note the internal contradiction in defendant's argument. Defendant's entire claim rests on her assertion that plaintiff lacked standing to contest defendant's custody motion, because the adoption that gave plaintiff parental rights was void *ab initio*. Were that to be true, however, it would result not only in the elimination of plaintiff's parental status, but in the elimination of defendant's parental status as well. Both plaintiff and defendant attained that status through a single order of adoption naming each of them as a parent. We cannot declare that order void *ab initio* with respect to one of the adopting parties and not the other. Either it is void as to both, or effective as to both. There is nothing in that joint adoption order or else-

where in the record that gives one of the two jointly adopting parents priority over the other.

Defendant seems to imply that her long-abandoned status as birth mother would still provide her with parental rights over the child if the joint adoption were voided. However, that implication has no basis in law. Defendant surrendered her parental rights as birth mother before the joint adoption, and she makes no jurisdictional challenge to the circuit court's order that those rights be terminated. Nor does she argue that after seven years, she still retains a right to appeal that termination on the merits, which of course she does not.

Defendant had a full opportunity to dispute the jurisdiction of the family court before the entry of that court's order of adoption. She declined to do so. She also could have raised such a challenge on appeal from that order, given that subject-matter jurisdiction may be challenged on direct appeal even if it was not challenged in the trial court. However, defendant chose not to raise that challenge and instead, seven years after the fact, seeks to now void the only document that provides this child with a legal parent. Were we to void the 2003 joint adoption, it is quite possible that this nine-year-old child would be without a legal parent. Defendant's willingness to risk this result is quite troubling, as is her unabashed repudiation of the jurisdiction that she herself invoked seven years ago.