*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRENT D. JARMAN,

       Plaintiff-Appellee,

UNPUBLISHED
January 25, 2024

v

BRYAN S. JARMAN,

       Defendant-Appellant.

No. 365069
Genesee Probate Court
LC No. 20-215617-CZ

Before: GARRETT, P.J., and LETICA and MALDONADO, JJ.

PER CURIAM.

This action stems from a dispute between two brothers, plaintiff Brent Jarman and defendant Bryan Jarman, over the administration of their mother's estate. Bryan never answered the complaint, so the probate court entered a default and a default judgment against him. On appeal, Bryan challenges the entry of the default judgment and the denial of his motion for relief from that judgment. Because the probate court's decisions fell within the range of reasonable outcomes, we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

Barbara Church passed away on February 11, 2020. In her will, Barbara nominated her sons, Brent and Bryan, as co-personal representatives of her estate. Soon after Barbara's death, disputes arose regarding administration of the estate. These disputes resulted in the initiation of two cases by Brent in August 2020 in Genesee Probate Court: one was assigned lower court number 2020-215560-DE, and the other (the case at issue on appeal) was assigned lower court number 20-215617-CZ.[1]

In the DE case, Brent petitioned to disqualify Bryan as co-personal representative of Barbara's estate. Brent alleged, among several claims, that Bryan misrepresented to Brent that

---

[1] When necessary to distinguish between the two lawsuits, we will use "DE case" and "CZ case." Otherwise, any unspecified references to lower court proceedings refer to this case.

-1-

Brent owed Bryan $37,686 for his share of funeral expenses and personal property distribution. In the CZ case, initiated around the same time, Brent brought two claims of fraud against Bryan. Just as in the DE case, Brent alleged that Bryan misrepresented that Brent owed Bryan $37,686 for Brent's share of funeral expenses and personal property distribution. Brent allegedly relied on these misrepresentations and distributed the claimed amount to Bryan. Brent also alleged that Bryan defrauded him by failing to disclose material facts, including that funeral costs should be paid from estate assets. Bryan was served the complaint but never filed an answer.

In September 2021, after receiving two notices from the probate court clerk of an "intent to dismiss for no progress" and unsuccessfully urging Bryan's counsel to answer the complaint, Brent filed a default request against Bryan for failure to defend against the action. The clerk entered the default and served it on Bryan and his counsel. After another two months passed without an answer, Brent filed a motion for entry of default judgment. Bryan did not respond to this motion. Instead, Bryan filed several motions of his own, including a motion to set aside default. The motion argued that the issues in the DE case and CZ case were "intertwined" and contended that "[c]ounsel's oversight in answering the companion case should not inure to [Bryan's] detriment because Bryan has vigorously contested all issues." In response, Brent argued that Bryan failed to follow the requirements of MCR 2.603(D)(1), which governs motions to set aside a default. Bryan neither articulated good cause nor filed an affidavit of meritorious defense with a statement of facts to support setting aside default.

At a hearing, the probate court granted Brent's motion for entry of default judgment, noting it was a "textbook case" of when a default judgment was appropriate. The court found that "the complaint was filed, it was appropriately served on the entities that it needed to be served on, no answer was filed, a default was entered and that was served appropriately . . . ." The court entered a written order memorializing the default judgment against Bryan, with the total amount being satisfied from Bryan's share of Barbara's estate. A separate written order explained that Bryan's motion to set aside default was dismissed, having been withdrawn by Bryan after the probate court entered a default judgment.

Bryan then moved for relief from judgment under MCR 2.612(C)(1)(a). Bryan argued that he and Brent essentially treated this case and the DE case as one matter. Relying on factors set forth in *North v Dep't of Mental Health*, 427 Mich 659; 397 NW2d 793 (1986), Bryan claimed that the default judgment should be set aside because the failure to answer the complaint was counsel's fault, not Bryan's, and Bryan otherwise vigorously defended against Brent's claims. Lesser sanctions than default judgment were more appropriate, Bryan contended. Bryan later filed two supplemental briefs. In the first, he attached a proposed answer to Brent's complaint. In the second, Bryan argued that the probate court lacked subject matter jurisdiction over Brent's claims, so the default judgment was void and must be set aside. Brent opposed Bryan's motion, arguing that he was not entitled to relief under MCR 2.612(C)(1)(a) because he established no mistake, inadvertence, surprise, or excusable neglect. Bryan repeatedly failed to answer the complaint, even after Brent's counsel tried to contact Bryan's counsel several times for that purpose. Brent also contended that the probate court had exclusive jurisdiction over this case. The probate court, noting that it "reviewed the file in its entirety," denied Bryan's motion for relief from judgment without further explanation. This appeal followed.

## II. ANALYSIS

Bryan seeks reversal of the default judgment on multiple grounds—by challenging the entry of the judgment, the denial of the motion for relief from judgment, and the probate court's subject matter jurisdiction to hear Brent's case.

At the outset, this case involves the interplay between two competing considerations under Michigan law. On the one hand, Michigan law favors resolution on the merits, so "[d]efaults are not favored and doubts generally should be resolved in favor of the defaulting party." *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573, 586; 321 NW2d 653 (1982). On the other hand, "although the law favors the determination of claims on the merits, it also has been said that the policy of this state is generally against setting aside defaults and default judgments that have been properly entered." *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 229; 600 NW2d 638 (1999) (citation omitted).

We review a probate court's decision to enter a default judgment for an abuse of discretion. *ISB Sales Co v Dave's Cakes*, 258 Mich App 520, 526; 672 NW2d 181 (2003). This standard of review also applies to a probate court's decision on a motion for relief from judgment. *Bullington v Corbell*, 293 Mich App 549, 554; 809 NW2d 657 (2011). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016). Bryan's underlying challenge to the probate court's jurisdiction, however, presents a question of law subject to de novo review. *Usitalo v Landon*, 299 Mich App 222, 228; 829 NW2d 359 (2012). That means we give "respectful consideration, but no deference" to the probate court's ruling. *Wasik v Auto Club Ins Assoc*, 341 Mich App 691, 695; 992 NW2d 332 (2022).

### A. DEFAULT JUDGMENT

We begin with Bryan's argument that the probate court abused its discretion by entering a default judgment against him.

Because Bryan failed to defend the complaint, Brent requested a default in accordance with MCR 2.603(A)(1), and the clerk entered the default. Bryan later moved for entry of a default judgment, see MCR 2.603(B)(3), while Brent moved to set aside the default, see MCR 2.603(D). The probate court entered the default judgment. "[W]here a trial court has entered a default judgment against a defendant, the defendant's liability is admitted and the defendant is estopped from litigating issues of liability." *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 79; 618 NW2d 66 (2000).

Bryan argues that the factors referenced in the Supreme Court's decision in *North* did not support entry of a default judgment. *North* involved the trial court's determination that a dismissal of the plaintiff's case for a lack of progress operated as a dismissal with prejudice. *North*, 427 Mich at 661. In concluding that dismissal with prejudice was unwarranted, the Supreme Court explained:

> Mindful of the fact that dismissal is a harsh remedy to be invoked cautiously, the trial court should evaluate the length, circumstances, and reasons for

delay in light of the need for administrative efficiency and the policy favoring the decisions of cases on their merits, considering among other factors: 1) the degree of the plaintiff's personal responsibility for the delay, 2) the amount of prejudice to the defendant caused by the delay, 3) whether there exists a lengthy history of deliberate delay, and 4) whether the imposition of lesser sanctions would not better serve the interests of justice. [*Id*. at 662.]

*North* did not discuss or involve a default or default judgment. We discern no basis, nor has Bryan offered one, for mandating consideration of the *North* factors in this context.

This Court has distinguished between two "fundamentally different" reasons for granting a default: (1) "the failure to plead or answer," or (2) "as a sanction for improper conduct such as discovery abuses." *Kalamazoo Oil Co*, 242 Mich App at 87.

Failing to plead or answer bespeaks an implied concession that the party is liable, or perhaps an indifference to the outcome of the litigation. In contrast, a default entered as a sanction is a means to penalize a party for failure to comply with the trial court's directives and, as noted above, should be entered only in the most egregious circumstances. Because the circumstances under which a default may be entered are so fundamentally different, we believe that the answer to the question at issue here may be different for policy reasons, depending on which circumstance is presented. [*Id*.]

*Kalamazoo Oil Co* involved the entry of a default as a sanction for discovery violations. *Id*. at 77-78. This Court concluded that the trial court should carefully consider whether a default is a just and proper sanction under the circumstances and "explain its reasons for imposing such a grave sanction in order to allow for meaningful appellate review." *Id*. at 86-88. But this Court noted that its holding did not apply to the "fundamentally different" context of defaults entered for failing to answer the complaint. *Id*. at 87.

Unlike the situation in *Kalamazoo Oil Co*, Bryan has identified no legal authority providing that trial courts *must* consider an array of factors before entering a default judgment for failure to answer the complaint. Instead, the court rules expressly provide a mechanism to challenge the entry of a default judgment based on a failure to defend—by moving to set aside that judgment. MCR 2.603(D). Bryan moved to set aside the default in this case but included no argument to support good cause and a meritorious defense, as the court rule requires. The probate court never directly ruled on the motion to set aside, but after entering the default judgment, Bryan withdrew his motion.

Simply put, Bryan has not established that the probate court abused its discretion by entering a default judgment. Bryan had 21 days after service to answer Brent's complaint, MCR 2.108(A)(1), but never did so. Still, Brent and his counsel were patient in seeking default. More than a year passed from filing the complaint before Brent requested and obtained a default. And at that point, Brent had little choice but to do so, considering that the clerk of the court had sent two notices of intent to dismiss Brent's case for no progress. Another few months went by before Brent moved for entry of a default judgment. Despite attempts by Brent urging Bryan to answer the complaint, no answer ever came. On these facts, where it is undisputed that Bryan received

service of the complaint and default yet failed to answer the complaint for over one year, the probate court's decision to enter default judgment was well within the range of reasonable outcomes.

## B.  MOTION FOR RELIEF FROM JUDGMENT

Bryan next argues that the probate court abused its discretion by denying his motion for relief from judgment because he established good cause for his failure to answer and identified meritorious defenses to Brent's claims.

For starters, Bryan conflates the requirements of a motion to set aside a default judgment with a motion for relief from judgment.  MCR 2.603(D) generally governs setting aside a default judgment.  That rule provides that "[a] motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and a statement of facts showing a meritorious defense, verified in the manner prescribed by MCR 1.109(D)(3), is filed."  MCR 2.603(D)(1).  But MCR 2.603(D) also provides that a court may "set aside a default and a default judgment in accordance with MCR 2.612."  MCR 2.603(D)(3).  MCR 2.612(C) enumerates several grounds for relief from judgment.  Bryan moved for relief from judgment under MCR 2.612(C)(1)(a):

> (1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

> (a) Mistake, inadvertence, surprise, or excusable neglect.

Thus, for purposes of his argument on appeal, Bryan need not establish good cause and a meritorious defense.  Those are not elements for entitlement to relief under MCR 2.612(C)(1)(a).  See *Lawrence M Clarke, Inc v Richco Const, Inc*, 489 Mich 265, 282; 803 NW2d 151 (2011) ("MCR 2.603(D) states twice that MCR 2.612 provides an exception to its requirements for setting aside a default judgment.").  But the Supreme Court has also cautioned against interpreting MCR 2.612(C)(1) so broadly as to swallow the general rule for setting aside default judgments under MCR 2.603(D). See *Alken-Ziegler, Inc*, 461 Mich at 234 n 7; *Tindle v Legend Health, PLLC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 360861); slip op at 9.

There is little published caselaw interpreting MCR 2.612(C)(1)(a) and what constitutes sufficient "[m]istake, inadvertence, surprise, or excusable neglect" to relieve a party from a final judgment.  That said, this Court has stated that MCR 2.612(C)(1)(a) was not " 'designed to relieve counsel of ill-advised or careless decisions.' " *Limbach v Oakland Co Bd of Co Rd Comm'rs*, 226 Mich App 389, 393; 573 NW2d 336 (1997), quoting *Lark v Detroit Edison Co*, 99 Mich App 280, 283; 297 NW2d 653 (1980).  Because Bryan erroneously argues the good cause and meritorious defense prongs of a motion to set aside a default judgment, he fails to explain why he was entitled to relief from judgment under MCR 2.612(C)(1)(a).

In our discretion, we interpret Bryan's argument to be one about "excusable neglect." Bryan suggests that his failure to respond to the complaint was excusable because it was his attorney's fault.  Bryan's argument runs into two problems.  First, as noted, MCR 2.612(C)(1)(a)

is not a vehicle for granting relief founded on an attorney's carelessness or neglect. See *Limbach*, 226 Mich App at 393. Second, assuming that the failure to answer the complaint was entirely the fault of Bryan's counsel, the general rule is that "an attorney's negligence is attributable to that attorney's client[.]" *Amco Builders & Developers, Inc v Team Ace Joint Venture*, 469 Mich 90, 96; 666 NW2d 623 (2003). That is, Bryan cannot simply point to his attorney's error to establish "excusable neglect" and obtain relief from the default judgment under MCR 2.612(C)(1)(a).

Bryan also suggests that he should be excused for his failure to answer the complaint because he actively contested Brent's claims in the probate court. Although there was significant overlap between the two cases filed by Brent, they remained separate cases throughout this litigation. Bryan never moved to consolidate these matters. See MCR 2.505(A). He answered discovery requests in the DE case, not the CZ case. And the similarities between the cases did not excuse Bryan from answering the complaint in this case. See *Van Pembrook v Zero Mfg Co*, 146 Mich App 87, 96; 380 NW2d 60 (1985) ("Regardless of the circumstances, defendant was obligated to respond in some way to plaintiffs' action and its failure to do so was inexcusable.").[2] Because Bryan failed to establish excusable neglect, the probate court did not abuse its discretion by denying his motion for relief from judgment.

## C. SUBJECT MATTER JURISDICTION

Bryan lastly argues that the probate court lacked subject-matter jurisdiction over Brent's lawsuit.

"Subject-matter jurisdiction pertains to the court's abstract power over a class of cases, not to whether the facts of a particular case present a claim subject to the court's authority." *In re Complaint of Knox*, 255 Mich App 454, 457; 660 NW2d 777 (2003). "A court's subject-matter jurisdiction is determined only by reference to the allegations listed in the complaint." *Clohset v No Name Corp*, 302 Mich App 550, 561; 840 NW2d 375 (2013) (cleaned up). Unlike circuit courts, which are courts of general jurisdiction, probate courts are courts of "limited jurisdiction, deriving all of [their] power from statutes." *Manning v Amerman*, 229 Mich App 608, 611; 582 NW2d 539 (1998). Because "a proven lack of subject-matter jurisdiction renders a judgment void," *Usitalo*, 299 Mich App at 228, Bryan's jurisdictional argument is a challenge to the validity of the default judgment.

Relevant here, the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq*., grants subject-matter jurisdiction to probate courts over a range of cases. See MCL 600.841(1)(a). First, a probate court has "exclusive" jurisdiction over "[a] matter that relates to the settlement of a deceased individual's estate, whether testate or intestate, who was at the time of death domiciled in the county or was at the time of death domiciled out of state leaving an estate within the county to be administered . . . ." MCL 700.1302(a). The statute sets forth of nonexclusive list of

---

[2] "Although published decisions of this Court issued prior to November 1, 1990, are not strictly binding on this Court, all published decisions of this Court are precedential under the rule of stare decisis and generally should be followed." *Davis v Secretary of State*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 362841); slip op at 9 n 10.

-6-

proceedings encompassed by subsection (a), including "[t]he internal affairs of the estate," "[e]state administration, settlement, and distribution," and "[d]eclaration of rights that involve an estate, devisee, heir, or fiduciary." MCL 700.1302(a)(*i*) to (*iii*). Aside from the exclusive subject matter jurisdiction conferred to a probate court, a probate court has "concurrent" jurisdiction over various matters related to "an estate of a decedent." MCL 700.1303(1). This includes the jurisdiction to "[d]etermine a property right or interest" and "[h]ear and decide a claim by or against a fiduciary or trustee for the return of property." MCL 700.1303(1)(a) and (h).

We conclude that the probate court had exclusive subject-matter jurisdiction over this case. Looking to Brent's complaint, his lawsuit against Bryan involved claims related to "[t]he internal affairs" of Barbara's estate and its "administration, settlement, and distribution." MCL 700.1302(a)(*i*) and (*ii*). Brent primarily alleged that Bryan "misrepresented to [Brent] that [Brent] owed him $37,686.00 for his share of funeral expenses, funeral reception, and personal property distribution." According to Brent, he later learned that Bryan had improperly charged him for items by, among other things, including funeral costs that could have been paid for with estate assets. Brent also alleged that Bryan defrauded him in several ways, including failing to disclose the true values of Barbara's assets. Brent's claims related to whether assets of Barbara's estate were properly valued and whether certain payments should have been made from the estate. Although the claims were brought against Bryan individually, they still involved "[a] matter that relates to the settlement of a deceased individual's estate . . . ." MCL 700.1302(a). Therefore, the probate court had exclusive subject-matter jurisdiction over this case.

Even if this case fell outside the exclusive subject-matter jurisdiction of the probate court, it would fall within the court's concurrent jurisdiction. The probate court had the jurisdiction to hear Brent's claims "against a fiduciary . . . for the return of property." MCL 700.1303(1)(h). When the complaint was filed, Bryan was a fiduciary as a co-personal representative of Barbara's estate. See MCL 700.1104(e) (defining "[f]iduciary" to include a "personal representative"). And Brent sought the return of his property—money that he paid Bryan because of alleged fraud or misrepresentation.[3] At a minimum, therefore, Brent's claims fell within the probate court's concurrent subject-matter jurisdiction.

Affirmed.

/s/ Kristina Robinson Garrett
/s/ Anica Letica
/s/ Allie Greenleaf Maldonado

---

[3] Under EPIC, "[p]roperty" means "anything that may be the subject of ownership, and includes both real and personal property or an interest in real or personal property." MCL 700.1106(w).