*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* VCF, Minor.

UNPUBLISHED
July 25, 2024

No.  368802
Wayne Circuit Court
Family Division
LC No.  23-000274-AY

Before:  MARKEY, P.J., and BORRELLO and GARRETT, JJ.

PER CURIAM.

In this stepparent adoption proceeding, respondent-father, acting *in propria persona*, appeals as of right the trial court's order terminating his parental rights to his minor child, VCF, under MCL 710.51(6).  For the reasons set forth in this opinion, we affirm.

## I.  BACKGROUND

In 2009, petitioner-mother, gave birth to respondent's daughter, VCF. Petitioner and respondent were never married. In 2010, petitioner filed a support action, and the court issued a consent judgment of support, declaring that respondent was VCF's legal father. The judgment granted joint legal custody to both petitioner and respondent but awarded sole physical custody to petitioner. The court also granted respondent reasonable parenting time. Respondent approved the judgment and signed it. The court also ordered respondent to pay a monthly child support of $356. On November 22, 2011, the court reduced this amount to $78.

On January 11, 2011, the petitioner-mother married the minor child's stepfather. In August 2023, they filed a petition for the stepfather to adopt the minor child. The petition stated that respondent had not been providing support as ordered and had not contacted the minor child for two years or more. They also filed a supplementary petition to terminate respondent's parental rights.

After two adjournments, a Zoom hearing was held on November 7, 2023, for the supplementary petition. Respondent represented himself at the hearing. The court began by taking judicial notice of the adoption file. Petitioner-mother testified that respondent had not spent time with the child since 2015 and had not tried to arrange any visit since then. Petitioner explained that

-1-

respondent had not contacted the child by phone or any other means. At the time of the November 7, 2023, hearing, respondent had not made any child support payments in 2022 or 2023. Petitioner stated that respondent owed around $3,000 in back child support payments. She believed that the last child support payment made by respondent was in either 2020 or 2021. Petitioner also testified that the child expressed a desire to be adopted by the stepfather. Petitioner-mother was the only witness to testify during the hearing on the supplemental petition. Although he was offered the opportunity, respondent did not cross-examine petitioner-mother nor did he offer any witnesses or testify on his own behalf. However, respondent made a closing statement before the court issued its ruling.

Following the parties' closing statements, the court held that clear and convincing evidence existed to terminate respondent's parental rights under MCL 710.51(6). The trial court found that respondent had not had any contact with VCF for the two years preceding the filing of the petition, and that he had not substantially complied with the support order.[1] This appeal followed.

## II. ANALYSIS OF THE ISSUE

### A. JURISDICTION[2]

For his first issue on appeal, respondent appears to argue[3] that when the hearing on the supplemental petition was moved from October 17, 2023, to November 7, 2023, this somehow divested the court of subject-matter jurisdiction and personal jurisdiction over respondent. Respondent then reasons that the trial court's lack of jurisdiction rendered any order by the trial court invalid. Respondent has provided no germane authority for his arguments and the legal

---

[1] Immediately after the court terminated respondent's parental rights, it held a hearing pursuant to the requirements of MCL 710.43(2) to determine if 14-year-old VCF consented to adoption by petitioner-stepfather. After the court found that VCF had knowingly, freely, and voluntarily consented to her own adoption, the court formally placed VCF in petitioners' home.

[2] Petitioners assert that respondent has waived any right to appeal the termination of his parental rights because he explicitly consented to the adoption during the November 7, 2023 hearing. While it is true that during the hearing, respondent did concede that adoption by the stepfather would be in VCF's best interests, he appeared to do so while querying whether "all" of his support cases would be closed if he voluntarily gave up his parental rights. At no time did respondent unequivocally consent to the adoption of his daughter by the stepfather. Moreover, in order for consent to be valid, certain conditions must be satisfied as set forth in MCL 710.44. Specifically, under MCL 710.44(6), a consent shall not be executed until after the judge, referee, or other authorized individual "has fully explained to the parent or guardian the legal rights of the parent or guardian and the fact that the parent or guardian by virtue of the consent voluntarily relinquishes permanently his or her rights to the child." The record was insufficient for this Court to conclude that respondent knowingly and voluntarily consented to the adoption of his daughter by the stepparent.

[3] Respondent's brief in this matter lacks clarity and coherence, making it difficult to discern his arguments.

authority he has cited is irrelevant. As with most of his arguments, this Court could deem this claim of error abandoned. "It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) (quotation marks and citation omitted). However, it would be unjust to both parties for this Court to hold that respondent has abandoned all of his arguments as in so doing we would effectively be denying respondent his right to an appeal which could have serious consequences for both respondent and petitioners if our Supreme Court decided to send the matter back to us for a ruling on the merits. Therefore, we consider the merits of what we believe are the respondent's claims on appeal.

This Court generally reviews de novo whether a court has subject-matter jurisdiction. *Usitalo v Landon*, 299 Mich App 222, 228; 829 NW2d 359 (2012). Similarly, the court reviews de novo whether a court has properly obtained personal jurisdiction over a party. *In re Dearmon*, 303 Mich App 684, 693; 847 NW2d 514 (2014) (citation omitted). However, because respondent's challenge to personal jurisdiction is unpreserved, our review is limited to plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999); *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008); see also *In re Ferranti,* 504 Mich 1, 29; 934 NW2d 610 (2019). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Carines*, 460 Mich at 763; see also *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011). "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App at 9; see also *Carines*, 460 Mich at 763. Once these requirements are satisfied, "an appellate court must exercise its discretion in deciding whether to reverse." *Carines*, 460 Mich at 763. Reversal is not warranted if the plain, forfeited error does not seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 763-764.

Subject-matter jurisdiction is a court's authority to exercise judicial power in a certain class of cases. *Winkler v Marist Fathers of Detroit, Inc*, 500 Mich 327, 333; 901 NW2d 566 (2017). Under MCL 600.1021(1)(b), the family division of the circuit court has sole and exclusive jurisdiction over adoption matters under the Adoption Code, MCL 710.21 *et seq*. Respondent has provided no legal authority for the proposition that rescheduling a hearing date would divest the court of this jurisdiction. Indeed, a trial court possess the inherent authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006). The trial court's rescheduling of its hearing dates was well within its authority and did not divest it of the jurisdiction conferred by MCL 600.1021(1)(b).

Respondent appears to argue that the trial court lacked personal jurisdiction over him due to deficiencies in the service of process and notice of the hearing. However, the record does not substantiate respondent's alleged procedural irregularities.

MCR 3.802 governs the manner and method of service of process in adoption case. MCR 3.802(A)(2) requires that notice of a petition to terminate the rights of a parent under MCL 710.51(6) must be served on the individual or individual's attorney in the manner provided in MCR 2.107(C)(1) or (2), or MCR 2.105(A)(2). MCR 2.107(C) concerns service on an attorney,

which is not relevant under the circumstances presented in this case. MCR 2.105(A)(2) provides that service may be made on a resident or nonresident individual by "registered or certified mail, return receipt request," and that "[s]ervice is made when the defendant acknowledges receipt of the mail." MCR 3.802(A)(4) provides that "all other documents may be served by mail under MCR 2.107(C)(3), e-mail under MCR 2.107(C)(4), or electronic service under MCR 1.109(G)(6)(a)."

To provide context for the alleged error, it is essential to examine the events that unfolded in the trial court. The trial court record confirms that the trial court sent a copy of the supplemental petition to respondent via certified and regular mail, accompanied by a notice scheduling the petition for a Zoom hearing on October 17, 2023. Respondent acknowledged in his appellate brief that he received notice of the October 17, 2023, hearing. Additionally, respondent signed the certified mail receipt on September 30, 2023.

Respondent asserts in his brief on appeal, that he signed into the Zoom hearing on October 17, 2023 and waited for over two hours at which point he concluded that no one was going to appear on that date. He further represents that when he called the court later that day, he was notified that the hearing had been rescheduled. It is important to note that respondent clearly had notice of the change in the hearing dates because he appeared at and participated in the November 7, 2023 hearing. As such, the record supports a finding that respondent was properly served with the supplemental petition and notice of hearing by certified and regular mail in accordance with MCR 3.802(A)(2). He concedes as much. Further, respondent was properly serviced with notice of the rescheduled hearings pursuant to the provisions of MCR 3.802(A)(4) addressing "all other documents." Respondent admits in his brief on appeal, that he received by e-mail a notice that the matter had been rescheduled to November 7, 2023. Contrary to respondent's assertion, there were no irregularities in the notices of hearing that would somehow deprive the trial court of personal jurisdiction over respondent. Accordingly, respondent is not entitled to relief on this issue.

## B. DUE PROCESS

Next, respondent argues that his due-process rights were violated because he was not afforded an adequate opportunity to present his case. He further claims that the court instructed him not to speak and denied him the opportunity to testify on his own behalf. Again, the record fails to support respondent's claims.

Generally, whether proceedings complied with a party's right to due process presents a question of constitutional law that is reviewed de novo. *In re Rood*, 483 Mich 73, 91; 763 NW2d 587 (2009) (opinion by CORRIGAN, J.). However, because respondent's due-process challenges are unpreserved, our review is limited to plain error affecting substantial rights. *Carines*, 460 Mich at 763; *In re Utrera*, 281 Mich App at 8; see also *In re Ferranti*, 504 Mich at 29. Because none of respondent's claims are supported by the record, he has failed to establish the requisite plain error.

Parents have "a fundamental liberty interest in the care, custody, and management of [their] child[ren]" that is protected by the Due Process Clauses of the United States and Michigan Constitutions. *In re Rood*, 483 Mich at 91 (opinion by CORRIGAN, J.) (quotation marks and citation omitted). "The fundamental requisite of due process of law is the opportunity to be heard. . . . The

hearing must be at a meaningful time and in a meaningful manner." *Id*. at 92 (quotation marks and citations omitted).

At the start of the hearing, the parties introduced themselves. The court then explained that the case involved a stepparent adoption and a petition to end the rights of the non-custodial parent. Respondent objected to being called a "non-custodial" parent, but the court didn't prevent respondent from speaking further. The court was simply managing the proceedings.

The court gave respondent a fair chance to participate in the proceedings and present his position. Respondent declined to question the witness and did not call any witnesses of his own. He admitted that adoption may be in the child's best interests, but he raised concerns about his child support obligations if he relinquished his parental rights. Respondent claimed he was under duress during the proceedings due to the presiding judge's involvement in other cases related to him, but there's no evidence that the judge was aware of this. Again, nothing in the record supports this conclusion.

Respondent also argues that the judge was biased against him. Due process requires that a case be heard by an unbiased and impartial decision-maker. *Kern v Kern-Koskela*, 320 Mich App 212, 231; 905 NW2d 453 (2017). Respondent argues that the trial court displayed bias against him because respondent chose to represent himself.

"Establishing judicial bias requires demonstrating actual bias or prejudice, or demonstrating circumstances where experience teaches that the probability of actual bias is too high to be constitutionally tolerable." *Cain v Dep't of Corrections*, 451 Mich 470, 498; 548 NW2d 210 (1996). Judicial impartiality is presumed and this presumption is not easily overcome unless the prejudice is both personal and extrajudicial. *Id.* at 495-497.

The hearing on the supplemental petition was very brief. Other than asking if respondent had an attorney, the court did not make any reference to the fact that respondent chose to represent himself. Indeed, the court did not make *any* comments that could be construed as critical of respondent. In fact, the court seemed particularly patient when respondent was confused about whether he could make a request to the court during his closing statement. On this record, there is no evidence suggesting that the court was biased against respondent because of his status as a pro se litigant.

Rather, respondent's claim of bias and misconduct appears to be merely a dissatisfaction with the ultimate outcome. "[J]udicial rulings, in and of themselves, almost never constitute a valid basis for a motion alleging bias, unless the judicial opinion displays a deep-seated favoritism or antagonism that would make fair judgment impossible . . . ." *Gates v Gates*, 256 Mich App 420, 440; 664 NW2d 231, 2003. Respondent has not provided any evidence that the trial court possessed or displayed antagonism toward him. Accordingly, respondent has not overcome the strong presumption of judicial impartiality. *Cain*, 451 Mich at 497, and is not entitled to relief on this issue.

## C. PROOF OF PATERNITY

The final argument from respondent seems to suggest that because paternity was never established, the trial court made an error when it terminated his parental rights. However, respondent overlooks the fact that during the 2010 action, the court specifically found respondent to be VCF's father. Therefore, respondent has failed to establish the factual basis for his claim of error. Additionally, if the respondent's argument were successful, it would amount to an impermissible collateral attack on the validity of the prior decision in the child support action. As such, the respondent is prohibited from making this argument now. *In re Ferranti*, 504 Mich at 22-23, holds that the " 'collateral bar' rule generally prohibits a litigant from indirectly attacking a prior judgment in a later, separate action" and, instead, "the litigant must seek relief by reconsideration of the judgment from the issuing court or by direct appeal." Because there is no evidence that the respondent appealed the judgment of support entered in August 2010, he is prevented from making a collateral attack on the merits of that decision rendered in the earlier action.

We discern no error in the proceedings. Accordingly, we affirm the entirety of the judgment of the trial court.

Affirmed.

/s/ Jane E. Markey
/s/ Stephen L. Borrello
/s/ Kristina Robinson Garrett